(78 South. 602)

No. 22864.

MAHER v. LOUISIANA RY. & NAV. CO.

(April 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. RAILROADS ⟨⇒⟩324(1)—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE.

One run down by a railroad train on a street crossing is not necessarily at fault, but only so if he contributed to the event by his negligence.

2. RAILROADS ⟨⇒⟩344(8)—INJURIES AT CROSSING—CONTRIBUTORY NEGLIGENCE — BURDEN TO PLEAD.

In an action against a railroad for injuries at a crossing, the burden of pleading contributory negligence is on the railroad.

3. RAILROADS ⟨⇒⟩344(8)—INJURIES AT CROSSING—PLEADING—ABSENCE OF DESIGN.

In an action for injuries at a railroad crossing, the petition should show absence of design on the part of the injured person to bring about the accident, which is done by the allegation that he was in no wise at fault.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Suit by George Osmond Maher against the Louisiana Railway & Navigation Company. From judgment of dismissal, plaintiff appeals. Judgment set aside, and case remanded to be proceeded with according to law.

Leslie A. Fitch, of Baton Rouge, for appellant. Laycock & Beale, of Baton Rouge, and

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

PROVOSTY, J. The plaintiff alleges that while he was walking across the tracks of the defendant company's railroad in the city of Baton Rouge he was knocked down without any fault of his own by a train of the defendant, as the result of no lookout having been kept by the crew of the train and of absence of all warning, either by sound or light, of the approach of the train.

An exception of no cause of action was sustained, and the suit dismissed.

[1-3] A cause of action is shown, we think. A man who is run down by a train upon a street crossing is not necessarily at fault. He is so only if he has contributed to the event by his negligence; and the burden of pleading contributory negligence is on the defendant, not on plaintiff. True, the petition in such a case should show absence of design on the part of plaintiff to bring about the accident, but this is shown in this case by the allegation that plaintiff was in no wise at fault.

The judgment appealed from is set aside, and the case is remanded to be proceeded with according to law.