## ILLINOIS CENT. R. CO. v. LEICHNER.

Circuit Court of Appeals, Fifth Circuit.
May 10, 1927.

No. 4843.

1. Railroads ⬯303(1)—Louisiana law does not impose on railroad duty to maintain in good condition public road on right of way outside. of crossing (Act La. No. 157 of 1910).

Act La. No. 157 of 1910, requiring railroads, tramroads, dirt or plank roads, or canals crossing highways to so construct works as not to hinder or obstruct safe and convenient use, *held* not to impose on railroad duty to keep in good condition part of public road which was on right of way. not included in track.

2. Railroads ⬯350(16)—Evidence held to establish that automobile driver, killed in collision at railroad crossing, was contributorily negligent as matter of law.

In action against railroad to recover damages for death resulting from collision of railroad train with automobile at public crossing, evidence *held* to establish that deceased was guilty as matter of law of such contributory negligence as barred right to recover damages.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Action by Mrs. Esther Leichner against the Illinois Central Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Arthur A. Moreno, of New Orleans, La. (Lemle, Moreno & Lemle, of New Orleans, La., W. S. Horton and R. V. Fletcher, both of Chicago, Ill., and H. C. Leake, of New Orleans, La., on the brief), for plaintiff in error.

Nicholas G. Carbajal, F. W. Gaudin, Nat W. Bond, Luther E. Hall, Jr., and Henry B. Curtis, all of New Orleans, La. (Carbajal & Gaudin and Bond, Curtis & Hall, all of New Orleans, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action to recover damages for the death of Joseph Leichner, which resulted from a Ford car which he was driving on a public dirt road being struck by the engine of the Panama Limited, a through passenger train of the Illinois Central Railroad Company, where that road crosses the railroad track about one mile south of Independence, La. The parties are herein referred to as plaintiff and defendant.

The petition averred that the road or approach to the railroad track was in bad condition, having several large holes, which made it necessary for the deceased to race the engine of the Ford car in order to pull it out of the holes; that the accident occurred shortly after a heavy rain, which made said approach muddy and slippery; that said train was negligently managed; that no warning of its approach was given; and that the whistle was not blown for the crossing, as customarily was done. The an-

swer put in issue the petition's allegations of negligence, and set up that the collision was caused by the negligence of the deceased in failing to stop, look, and listen before attempting to cross the railroad track, and in failing to see or hear the approaching train in time to avoid being struck by it. At the conclusion of the evidence the court denied a motion of the defendant that a verdict in its favor be directed. That ruling was excepted to and is assigned as error.

Several eyewitnesses testified as to the circumstances of the collision. The testimony was in sharp conflict. That adduced by the plaintiff, including the testimony of Dave Thomas, a colored man, who was riding in the automobile with the deceased, sitting to the right of the latter, tended to prove that the dirt road as it approached the railroad track was in bad condition, having holes several feet deep, caused by heavy rains; that along the railroad right of way south of the dirt road, the direction from which the train was coming, there were weeds five or six feet high, which kept one traveling on the road in an automobile from seeing a train approaching from that direction; and that the engine did not signal for the crossing by blowing its whistle, which usually was done.

[1] In behalf of the plaintiff it was contended that under a Louisiana statute (Act 157 of Louisiana Legislature of 1910), the defendant was chargeable with negligence in permitting the public road, where it crossed defendant's right of way in approaching its track, to be in bad condition. The following is the provision of that act which imposes a duty on a corporation whose railroad crosses a highway: "In all cases where railroads, tramroads, dirt or plank roads or canals shall cross any highway, the corporation shall so construct the works as not to hinder, impede or obstruct its safe and convenient use." That provision does not indicate a purpose to impose on the proprietor of a railroad the duty to keep in good condition the part of a public road which is on the part of the railroad right of way which is not included in the track. There was no evidence tending to prove that the works of the defendant were so constructed as to hinder, impede, or obstruct the safe and convenient use of the public road. But though, under the evidence, the defendant was not chargeable with negligence because of a breach of the duty imposed by that statute, a phase of the evidence tended to prove that it was chargeable with negligence which made it liable, unless the evidence adduced required the conclusion that plaintiff's right to recover was barred by the contributory negligence of the deceased.

[2] Evidence without conflict showed the following: The deceased, whose sight and hearing were good, drove his car east toward the railroad track early in the afternoon of May 16, 1923, when said train was approaching the crossing from the south. The railroad track at and near the crossing was higher than the land on each side of it, the track at the crossing being several feet higher than the dirt road, where it entered defendant's right of way about 50 feet from the track, from which point the railroad track was directly in front of the deceased, who knew of its existence and location. A train coming from the south could be seen when it was more than half a mile from the crossing by one who was at or near the crossing. Testimony for the plaintiff tended to prove that high weeds in the right of way south of the dirt road, as it approached the track at right angles, beginning, as stated by Dave Thomas, a rail and a half from the crossing, obstructed the view of a train approaching from that direction until the part of the road which was close to the track was reached—how close the testimony does not disclose.

Testimony of Dave Thomas, who was a witness for the plaintiff, was to the effect that because of the high weeds the approaching train could not be seen by him and the deceased until the automobile was close to the crossing. Neither the testimony of that witness nor any other testimony indicated that either he or the deceased, in the approach to the crossing, used their senses of sight and hearing for the purpose of ascertaining whether a train was or was not approaching. There was no evidence tending to prove that, after deceased's car entered the railroad right of way in approaching the railroad track, it was impracticable to stop the car near the track, but far enough from it to be safe from a passing train; and thereby listening ascertain whether a train was or was not approaching the crossing; there being no evidence that at the time and place of the casualty there were other noises to interfere with one hearing the noise of an approaching train in time to keep out of the way of it.

The testimony of Dave Thomas and that of other eyewitnesses of the occurrence, who testified for the plaintiff, did not indicate that the deceased's automobile was halted or stopped between the time it got on the part of the dirt road where it approached the

crossing at right angles and the time of the collision. Testimony of the locomotive engineer of the train was to the effect that the approaching train was in plain view of the deceased when his automobile was at a safe distance from the crossing, and that deceased's car was halted or stopped near the crossing, at a safe distance from it, as the train was approaching, and was moved forward towards the crossing when the engine was so close that it could not be stopped before the collision occurred.

Whether the one or the other conflicting versions of the occurrence was true, no phase of the evidence adduced furnished support for findings that the deceased, before driving his car on or so near the railroad track as to be endangered by a passing train, reasonably used his senses of sight and hearing for the purpose of ascertaining whether a train was or was not approaching the crossing, and that he could not have avoided the danger by taking reasonable precautions for his safety. We are of opinion that the evidence as a whole required the conclusions that the deceased, in approaching the crossing, was not reasonably mindful of the danger he faced, or of the duty to take precautions to avoid that danger, and that the collision would not have occurred, but for his failure to make a reasonable use of his senses to discover the peril from the approaching train in time to avoid that peril.

Controlling Louisiana decisions show that the law of that state exacts from the driver of an automobile who approaches a railroad crossing, where the view along the track from a direction from which a train may come is obstructed, the duty to stop, look, and listen before driving upon the crossing, or so near thereto as to be endangered by a passing train; that the greater the difficulty of seeing or hearing a train as he approaches the crossing, the greater the caution the law imposes upon him to use his senses of sight or hearing, one or both, when and where a reasonable and practicable use thereof would enable him to learn of the presence or absence of danger at the crossing; and that, though the operator of the railroad is chargeable with negligence which was a proximate cause of an injury to the traveler at the crossing, a right to recover damages for that injury is barred if the traveler's negligent failure to do all that care and prudence would dictate to avoid injury was a proximate contributing cause of the injury sustained. Perrin v. New Or-

leans Terminal Co., 140 La. 818, 74 So. 160; Tucker v. Illinois Central R. Co., 141 La. 1096, 76 So. 212; Callery v. Morgan's Louisiana, etc., Co., 139 La. 763, 72 So. 222; Leopold v. Texas & P. R..Co., 144 La. 1000, 81 So. 602.

No phase of the evidence adduced warranted findings that the deceased, in approaching the crossing in his automobile, took the precautions called for by the attending circumstances, or that his failure to do so did not proximately contribute to his injury and death. The automobile having two occupants, the deceased and Dave Thomas, it is to be inferred that, if they had been mindful of the danger and of the duty of exercising care to avoid that danger, the driver, the deceased, readily could have learned of the approach of the train in time to avoid danger therefrom, by stopping the automobile when and where it was safe to do so, and making use of the senses of sight and hearing of himself and his companion. There is a notable lack of plausibility in the contention that the deceased, in the circumstances of his approach to the crossing, in the daytime, on a quiet country road, while in full possession of normal senses, could not, by taking reasonable precautions, discover an approaching train in time to keep out of the way of it, however much the view in the direction from which the train was coming was obstructed before the place of the collision was reached.

As the circumstances of the occurrence were shown by the testimony of eyewitnesses, no phase of which testimony tended to prove the exercise of due care by the deceased, there was no room for a presumption that he exercised due care. No evidence adduced tended to prove that the train engineer, in time to stop the train before reaching the crossing, realized that the automobile would go on or dangerously near the track in front of the moving train. It follows that there was no basis for a finding that the engineer had "the last clear chance" to avoid a collision.

We conclude that the evidence as a whole required the conclusion that the deceased was guilty of such contributory negligence as barred plaintiff's asserted right to recover damages, and that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.