15 La. App.

No. ——

First Circuit

PITTMAN v. Y. & M. V. R. R. CO.

(December 6, 1927. Opinion and Decree)

*(Syllabus by the Editor)*

1. **Louisiana Digest — Railroads — Par. 67, 79; Pleadings—Par. 23, 27, 62.**

In crossing accidents, failure to stop, look and listen before driving on to the crossing need not be alleged in the petition in order to state a cause of action, but is a matter of defense. Therefore, exception no cause of action is over-ruled.

Appeal from the District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Enoch Pittman against Yazoo & Mississippi Valley Railroad Co.

There was judgment for defendant on an exception no cause of action and plaintiff appealed.

Judgment reversed and case remanded.

Shelby Taylor and A. B. Parker, of Baton Rouge, attorneys for plaintiff, appellant.

H. Payne Breazeale, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. Plaintiff, Enoch Pittman, alleges the destruction of his truck by the fault and negligence of defendant, Yazoo & Mississippi Valley Railroad Company.

The defendant excepted to the petition on the ground that it did not set forth a right or cause of action. The exception was sustained, and the suit dismissed.

The plaintiff goes into details, alleging that his automobile truck, while being operated on a public road, was struck and destroyed by defendant's train at a public crossing, where the road crossed defendant's track. The faults and neglects are enumerated, and if the allegations are true as stated, the plaintiff would have a right to recover.

The plaintiff does not allege that his driver stopped, looked and listened before entering on the crossing, as provided for by Act 12 of 1924. The defendant urges that his failure is the principal reason why the petition does not set forth a right or cause of action.

We think the exception should have been over-ruled.

The failure to stop, look and listen before driving on the crossing, is a matter of defense, which defendant must plead in order to urge it, and it may or may not be good. It depends on the facts and circumstances of the case, Maher vs. Louisiana Railway & Navigation Co., 143 La. 386, 78 South. 602.

The judgment appealed from is, therefore, annulled, avoided, reversed and set aside, the exception in question over-ruled, and the case remanded to the lower Court to be further proceeded with as the law provides.

The cost of the exception and of this appeal to be paid by appellee, all other costs to abide the final result of the case.