## ROBERTSON v. MISSOURI PAC. R. CO.
### No. 1551.

Court of Appeal of Louisiana. First Circuit.
March 23, 1936.

For prior opinion, see 165 So. 527.

McCoy, King & Jones, of Lake Charles, for appellants.

Hudson Potts & Bernstein, of Monroe, and E. R. Kaufman, of Lake Charles, for appellee.

### PER CURIAM.

In overruling the exception of no cause of action and remanding the case for trial in the opinion handed down on January 28, 1936, we held that the petition did not affirmatively show on its face that the proximate cause of the accident was the failure of plaintiff to come to a complete stop before crossing the railroad track. Our conclusion was that the question of whether or not the failure of plaintiff to come to a complete stop before crossing the track proximately caused the accident is a question for the court or jury to determine on the trial of the case, and that the statutory law regulating traffic on the highways did not change the rule to the effect that the failure to come to a complete stop before crossing a railroad track, in order to constitute contributory negligence, must appear to have been the sole or proximate cause of the accident. 165 So. 527.

On the application for a rehearing it is strenuously urged that Act No. 12 of 1924 and Act No. 21 of 1932, title 2, § 3, rule 17, making it unlawful for a motorist to cross a railroad track without first coming to a complete stop, in effect requires a motorist to comply with that law to the letter as a condition precedent to a recovery of damages, and, consequently, a petition which shows on its face that the driver did not come to a complete stop before crossing affirmatively shows contributory negligence and sets out no cause of action, regardless of the circumstances and irrespective of the question of whether or not the failure to stop was the sole or proximate cause of the accident.

In adhering to our former conclusion, we desire to add that, in our opinion, one of the statutes relied on by counsel, Act No. 12 of 1924, strengthens and fortifies our conclusions on this point. Section 3 of that act, after making it unlawful for a motorist to cross a railroad track without first coming to a complete stop at a certain distance from the track, has the following provision therein: "In the trial of all actions to recover personal injury or property damages sustained by any driver of such motor driven vehicles by collision of said vehicle and train in which action it may appear that the said driver may have violated any of the provisions of this act, the question of whether or not the said violation was the sole or proximate cause of the accident and injury shall be for the jury to determine regardless of the penalizing feature of this act. That the violation of this act shall not affect recovery for damages and the question of negligence or the violation of this act shall be left to the jury; and the contributory negligence statutes of Louisiana shall apply in these cases as in other cases of negligence."

That is precisely what we held in our opinion handed down in this case, viz., that the question of whether or not the failure to stop was the sole or proximate cause of the accident is a question for the court or jury to determine. Act No. 21 of 1932 was passed in the light of Act No. 12 of 1924, and we see no reason to infer

that the Legislature intended to change the rule of law on that point.

■ This court has heretofore made a similar application of the law on this point in the case of Pittman v. Yazoo & M. V. R. Co., 7 La.App. 209, where we there said in passing on a similar situation: "The failure to stop, look and listen before driving on the crossing, is a matter of defense, which defendant must plead in order to urge it, and it may or may not be good. It depends on the facts and circumstances of the case, Maher v. Louisiana Railway & Navigation Co., 143 La. 386, 78 So. 602."

The application for a rehearing is refused.