**AARON v. MARTIN et al.**

No. 1578.

Court of Appeal of Louisiana.   First Circuit.
March 23, 1936.

·A. Sidney Burns, of Lake Charles, for appellant.

J. H. Inman, of Ponchatoula, and Carroll Buck, of Amite, for appellees.

OTT, Judge.

The suit is to recover damages in the sum of $2,585 against defendants, Edward B. Martin and the Illinois Central Railroad Company, in solido, for personal injuries which plaintiff claims to have received while riding as a guest in an automobile' driven by John Brock when said automobile collided with a train crossing the highway on a spur track just south of Ponchatoula.

The minutes of the court show that an exception of no cause of action was filed by defendant Edward B. Martin, and this exception was sustained on October 1,

1935. A formal judgment on said exception was read and signed on October 14, 1935, dismissing the suit as to the defendant Edward B. Martin. From this judgment, plaintiff has appealed.

■ We do not find in the record the exception of no cause of action filed by Edward B. Martin which was sustained by the court, but as the judgment based thereon is in the record, we will consider the appeal taken from that judgment.

■ We do find in the record an exception of no cause or right of action filed by Mr. Carroll Buck, attorney for the Illinois Central Railroad Company on October 14, 1935, but as no action appears to have been taken on this exception, we cannot give it any consideration on the appeal.

From the petition it appears that defendant Edward B. Martin operates a veneer mill just south of the town of Ponchatoula, a short distance west of the Hammond-New Orleans highway and the main line of the Illinois Central Railroad, both the railroad and the highway running approximately north and south, the highway running parallel with the railroad on the west. A spur track, owned or leased by the railroad, runs from the main line of the railroad westerly across the highway to the veneer mill and is used by both defendants jointly in switching cars to and from the mill to the main line of the railroad. That on the night of June 5, 1935, at about 9 o'clock p. m. plaintiff was traveling south on said highway in a car driven by John Brock as a guest, and which automobile was being driven in a lawful manner approaching said spur track which crosses said public highway as stated; that a locomotive and several freight cars were being operated on said spur track in the act of crossing said road as the automobile was approaching said spur track; that the night was dark and no lights were displayed or signals given of the approach of the train on the crossing, nor was any flagman stationed at the crossing to warn approaching motorists; that the color of the freight cars is dull and drab and does not reflect the light of an on-coming automobile; that the said spur track is seldom used and the danger in crossing said track was not apparent to plaintiff or the driver of the automobile; that by reason of the foregoing facts the automobile in which plaintiff was riding collided with a freight car of the railroad company with a violent impact injuring plaintiff as set forth in the petition.

Plaintiff further alleges that he had no control over the operation of the automobile in which he was riding and he was not guilty of any contributory negligence; that both he and the driver of the automobile were keeping a vigilant lookout ahead and the danger was nonapparent.

■ As we must accept as true for the purpose of the exception all facts well pleaded, we must likewise accept as true the allegations of joint operation of the spur track and trains thereon by Martin and the railroad company. While it would appear that, if the petition sets out a cause of action against one defendant, it also sets out a cause of action against the other, yet as the appeal is before us only on a judgment in favor of one defendant, the allegations against the other defendant can only be considered in so far as they enable us to pass on the judgment brought up for review.

In considering whether or not the petition sets out a cause of action, there are two propositions presented: (1) Whether plaintiff sufficiently charges defendants with negligence to support a recovery; and (2) if so, whether plaintiff affirmatively shows by his petition that he was guilty of such contributory negligence as to preclude his recovery, or whether the driver of the automobile was guilty of such contributory negligence, imputable to plaintiff, as to preclude plaintiff's recovery.

(1). It is manifest from the above summary of the petition that the principal acts of negligence charged to defendants in the petition consist in the failure to station a flagman at the crossing to warn approaching motorists of the crossing or blocking of the highway, and the failure to have lights or other signals at the crossing to warn travelers on the highway.

■ The general rule of law is that a railroad company is not required to station a flagman at a crossing to warn approaching motorists of the blocking of the crossing, nor to place lights or other signals at such crossing for that purpose in the ordinary and usual switching operations of such railroads, unless there are such unusual and dangerous conditions at such crossing as to make such precautions necessary. Plummer v. Gulf, M. & N. R. Co.

et al. (La.App.) 153 So. 322; St. Louis-San Francisco R. Co. v. Guthrie, 216 Ala. 613, 114 So. 215, 56 A.L.R. 1110.

■ There are certain allegations in the petition which might support a finding of fact that the conditions at this crossing were of such a nature as to make it necessary for the defendants to protect the crossing with a flagman, or some form of lights and signals. For instance, it is alleged that the crossing is seldom used and the dangers there are nonapparent. Just in what way the petition does not say. It might be that there is no grade in the spur track by which a motorist could tell that there was a crossing; there might be obstructions to the view along the track, or, as might be inferred from the petition, no signal was given by blowing the whistle or ringing the bell. These are all matters for the court or jury to determine on the trial of the case. It might be that the facts will show that defendants were under no duty to give any further warning than was given in this case, but that is a question of fact to decide on the trial of the case. As the accident happened on a spur track crossing, there was no necessity for stop signs. Act No. 12 of 1924, § 4. But this did not relieve the defendants of the responsibility of protecting the crossing commensurate with the dangers involved.

■ We therefore conclude that the question of negligence vel non of the defendants is sufficiently pleaded to be submitted to the court or jury on the facts.

(2). We gather from the briefs that the exception was sustained by the trial court on the ground that plaintiff does not allege that the driver of the car before attempting to cross the spur track stopped, looked, and listened as required by Acts 1932, No. 21, title 2, § 3, rule 17(a). If this rule of the road be so interpreted as to require a motorist to come to a complete stop before crossing a switch track, spur track, or any other railroad track, regardless of the circumstances and the necessity for coming to a complete stop, and as a prerequisite to the recovery of damages, a failure to allege a compliance with that rule might render a petition fatally defective. However, in construing this rule in passing on the sufficiency of allegations relative to a compliance therewith, this court, in the recent case of Robertson v. Mo. Pacific R. Co. (La.App.) 165 So. 527, 530, had this to say:

"Reference is made to the law regulating traffic on the highways, rule 17, § 3, tit. 2, Act No. 21 of 1932, as strengthening the rule requiring a motorist to stop, look, and listen before attempting to cross a railroad track at a crossing and placing responsibility on him for the failure to do so. Our opinion is that this rule of traffic is only expressive of the law as it has heretofore existed. This law was passed in the light of the decisions of the courts of this state, as well as of other states, and it must be assumed that there was no intention to change the interpretation of the law on this point unless the Legislature clearly intended to change that interpretation, which we do not find to be the case. Whether the driver of the car in the present case, on being unable to see or hear the approaching train, exercised that care and caution in driving onto the crossing to absolve her from responsibility as contemplated by this rule of the road, is a question of fact for the court or jury to determine on the trial of the case."

■ The construction placed by us on this rule of the road in the act of 1932 is further strengthened by a comparison of this rule with a similar rule as contained in section 3 of Act No. 12 of 1924. That section makes it unlawful for a motorist to cross a railroad track on a public highway without first stopping at a specified distance from the track. The section contains the following pertinent provision:

"In the trial of all actions to recover personal injury or property damages sustained by any driver of such motor driven vehicles by collision of said vehicle and train in which action it may appear that the said driver may have violated any of the provisions of this act, the question of whether or not the said violation was the sole or proximate cause of the accident and injury shall be for the jury to determine regardless of the penalizing feature of this act. That the violation of this act shall not affect recovery for damages and the question of negligence or the violation of this act shall be left to the jury; and the contributory negligence statutes of Louisiana shall apply in these cases as in other cases of negligence."

The above law was in effect when the Legislature passed Act No. 21 of 1932, tit. 2, § 3, rule 17, which reads, paragraph (a), as follows:

"Rule 17. (a). It shall be the duty and obligation of every person owning, driving,

operating, or causing or permitting a vehicle to be so driven or operated, when approaching at grade a crossing of a public street, road or highway with any steam, electric, street, interurban or other railroad or tramway, operated upon fixed rails or permanent track, to, upon his own responsibility, bring such vehicle to a full and complete stop at such a place, in such a manner and for a sufficient period of time to enable the driver or operator thereof to observe the approach of trains or cars thereon, by looking up and down said track in both directions and by listening therefor, and before proceeding thereon or there over. In the event it is impossible so to do, then such persons shall proceed only with the greatest caution and at their peril."

The act No. 12 of 1924, under section 4, exempts its application to crossings of roads over house tracks, switch tracks, industry tracks, and plantation tracks. Rule 17 in the act of 1932 would appear to apply to all railroad crossings. We make the comparison of the two rules merely for the purpose of showing that it was not the intention of the Legislature in 1932 in passing rule 17 to require, as a condition precedent of the right to recover, that a motorist come to a complete stop before crossing a railroad track under any and all circumstances, but that, as in the act of 1924, the question of whether the failure to stop was the proximate cause of the accident is a matter for the court or jury to determine under the particular facts of the case.

Thus, in the case of Pittman v. Y. & M. V. R. R. Co., 7 La.App. 209, where an exception was sustained by the lower court for a failure of the petition to allege that the motorist stopped before crossing the track as required by Act No. 12 of 1924, this court said:

"The failure to stop, look and listen before driving on the crossing, is a matter of defense, which defendant must plead in order to urge it, and it may or may not be good. It depends on the facts and circumstances of the case, Maher v. Louisiana Railway & Navigation Co., 143 La. 386, 78 So. 602."

As plaintiff alleges that he and the driver of the automobile were keeping a vigilant lookout ahead, and that the danger was non-apparent, we cannot say that the petition shows affirmatively that either plaintiff or the driver was guilty of contributory negligence in failing to see the train before running into it. Plaintiff avers that the freight car was of a dull or drab color and did not reflect the light from the automobile. Whether or not plaintiff or the driver was guilty of contributory negligence in failing to see what he should have seen must be determined from the facts as they develop on the trial of the case.

Plaintiff alleges that he had no control over the automobile in which he was riding and that he was not guilty of any negligence or want of care in connection with the accident. Accepting this as true for the purpose of the exception, plaintiff cannot be precluded from recovery on account of contributory negligence of the driver for which he himself is not responsible. Churchill v. T. & P. Ry. Co., 151 La. 726, 92 So. 314; Delaune v. Breaux, 174 La. 43, 139 So. 753.

For the reasons assigned, the judgment of the district court in sustaining the exception of no cause of action is annulled, avoided, and reversed, and it is now ordered that the case be remanded to the lower court for trial; cost of appeal to be paid by appellee, and all other cost to await the final judgment.