## MURRAY v. YAZOO & M. V. R. CO.*
### No. 1885.

Court of Appeal of Louisiana.
First Circuit.

Oct. 5, 1938.

Rownd & Tycer and Reid & Reid, all of Hammond, for appellant.

Carroll Buck, of Amite, for appellee.

OTT, Judge.

The suit is to recover damages in the sum of $36,400 for personal injuries re-

*Rehearing denied 184 So. 413.

ceived by plaintiff when the automobile in which he was riding as a guest ran into the side of a tank car forming part of a train of the defendant railroad stopped in the town of Denham Springs for the purpose of attaching other cars to the train. The accident happened at the point where the old highway 190 crosses the railroad in said town. Plaintiff was riding on the front seat with the driver of the car, and the back seat was occupied by a young man and a young lady, all of the occupants of the car being on their way to a dance. The car was going north or northeast between 10 and 11 o'clock on the night of May 23, 1936. The plaintiff, a young man about 34 years of age, received a compound fracture of his right knee, a fracture of the skull and left cheek bone, and cuts and bruises over his body.

Some 200 feet south of the crossing, the highway curves to the southwest, so that a car approaching the crossing from that direction, as was the car in which plaintiff was riding, must turn this curve before the driver of such a car obtains a clear view of the crossing. From this curve to the crossing there is a very slight down grade stated by one witness, an engineer of the railroad company, to be 2% or 3.6 feet for the distance of 200 feet from the track to the curve. The railroad track emerges into the highway from a three or four foot cut. There is a stop sign placed about 50 feet south of the crossing on the right as motorists approach from the south. The driver of a car approaching the crossing from the south at night has a clear view of the crossing after reaching this curve, if the headlights of the car are in proper order.

The negligence charged to the railroad is set out in an article of the petition subdivided into twenty different paragraphs. However, these acts of negligence, condensed into brief form, consist of an alleged violation of Rule 20 of the Public Service Commission in blocking the highway with the train of cars for more than ten minutes, and in the violation of the laws of the state in obstructing the highway and in failing to give proper signals while approaching and crossing the public highway with a train of cars. The charge is also made that the nature and construction of the crossing make it a dangerous one, and the railroad was guilty of negligence in failing to have lights, signals or a flagman at said cross-ing to warn motorists of the blocking of the highway by the train.

The defendant railroad company admitted that on the night of the accident one of its trains was stopped at said crossing for the purpose of attaching other cars to the train further in front, but the railroad denies that it blocked the crossing for more than ten minutes and denies that it was guilty of any negligence. In the alternative, the railroad averred that if any of its agents and employees were guilty of any negligence in blocking said crossing, it alleges that the proximate cause of the accident was the negligence of the driver of the automobile in failing to stop, look and listen before crossing the railroad as required by law and in his failure to keep a proper lookout, and in not seeing the train across the track in front of him; that the plaintiff himself was guilty of contributory negligence which proximately caused the accident in that both the plaintiff and the driver of the automobile had been drinking intoxicating liquors and were under the influence of intoxicating liquor at the time of the accident; that plaintiff was contributorily negligent in riding in said car when he knew that the driver thereof had been drinking; that plaintiff was riding in the front seat of said car next to the driver, and knew of said crossing, and plaintiff failed to keep a proper lookout for said crossing and warn the driver of the danger and the presence of a train thereon.

Judgment was rendered rejecting plaintiff's demand, and he has appealed.

It appears from the evidence that the train was left standing across the highway for some thirty minutes or more with no one to guard the crossing, and with no lights or other signals to warn approaching motorists that a tank car was blocking the crossing. The train pulled out without any of its crew even knowing that the automobile in which plaintiff was riding had run into the tank car across the road. It is not clear from the testimony just how long the crossing had been blocked when the automobile ran into the train across the highway, but one witness, living in the vicinity, states that he heard the train come in and heard the automobile crash into it; that it was from 15 to 20 minutes after the train came in when the automobile ran into it. He says it could not have been less than 10 minutes.

While we are not in a position to hold that the crossing was so unusual and dan-

gerous as to require the railroad company to station a flagman there to protect the crossing, or to place lights or other signals at the crossing to warn approaching motorists of the blocking of the road by the train in the course of switching operations, we do find that the crossing is somewhat more dangerous than the usual crossing because of the curve in the road nearby, the slight grade, and the difficulty in seeing the tracks at that point. See Aaron v. Martin et al., La.App., 167 So. 106, and Plummer v. Gulf, M. & N. R. R. Co., La.App., 153 So. 322.

■ In any event, we think the evidence does show negligence on the part of the railroad in keeping this crossing blocked for a longer time than the above rule of the Public Service Commission permits, and without taking any precautions of any kind to protect this crossing for more than thirty minutes during which time a tank car was permitted to remain across the public highway.

■ But we do not find that the negligence of the railroad in the respects above mentioned was the proximate cause of the accident. In order to hold a railroad company for damages for its failure to comply with a statutory regulation, it must appear that such failure was either the proximate cause of the accident or contributed to it. Cuccia v. Gulf, M. & N. R. R. Company, La.App., 180 So. 513.

Both the plaintiff and the driver of the automobile knew that this crossing was there, and they had been over it several times. They both state that they did not see this tank car across the road until the automobile was too close to stop. They were going 35 or 40 miles per hour as they came around the curve. The lights and brakes on the automobile were in good order. It is shown that a tank car standing on the crossing can be seen for more than 200 feet after coming around the curve. Plaintiff admits that he was looking sideways as the automobile came around the curve, and he did not see the tank car over the crossing before the driver began to apply his brakes, nor did he warn the driver of the crossing.

■ The driver of the automobile was guilty of contributory negligence in failing to keep a proper lookout and in failing to keep his car under proper control. He should have seen so large an object as a tank car across the road after he turned the curve, and, in a distance of 200 feet, should have been able to stop the automobile if he had it under proper control.

■ Plaintiff was guilty of independent contributory negligence in his failure to keep a proper lookout for danger ahead and in his failure to observe the tank car across the road and warn the driver of the danger. He was in equally as good, if not better, position to see the obstruction in the road as the driver himself, and he cannot be excused for his failure to see such an apparent danger and warn the driver of it merely because he was a passenger in the car.

The facts in this case make it similar to the situation in the recent case of Aaron v. Martin et al., 188 La. 371, 177 So. 242, and we think that case is not only applicable to the facts in the present case, but that it is decisive of this case.

For the reasons assigned the judgment is affirmed at the cost of appellant.