## PITTMAN v. GIFFORD-HILL & CO., Inc., et al.

### No. 5895.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1939.

Rehearing Denied March 31, 1939.

Writ of Certiorari Denied May 1, 1939.

Jack & Jack, of Shreveport, and Wallace & Stinson, of Benton, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, White, Holloman & White, of Alexandria, and Edward S. Klein, of Shreveport, for appellees.

HAMITER, Judge.

Plaintiff, a resident of Stamps, Arkansas, seeks damages herein for injuries alleged to have been sustained by him and his automobile as the result of a collision between the said vehicle, which he was driving, and a work train owned and operated by the Louisiana & Arkansas Railway Company and Gifford-Hill & Company, Inc. Those made defendants are the named companies, Frank Moore, the train's engineer, and the Hartford Accident & Indemnity Company. The latter is the alleged liability insurer of Gifford-Hill & Company, Inc.

According to the allegations of the petition, the accident occurred about noon on July 9, 1937, at Ninock, Louisiana, about 25 miles south of Shreveport, Louisiana, where the concrete U. S. Highway 71 crosses the main line track of the defendant railway company.

All defendants excepted to the petition as stating no cause and no right of action. The exceptions of no cause of action were sustained, and plaintiff perfected this appeal.

Counsel for appellees urge, under the plea which forms the basis of the judgment, that "the petition on its face shows this plaintiff to have been guilty of such gross contributory negligence as to prevent and to bar any recovery in this cause." In connection with this, they direct attention to the following holding and expression of the Supreme Court in Louisiana Power & Light Co. v. Saia et al., 188 La. 358, 177 So. 238, viz: "The plaintiff contends that the plea of contributory negligence is one that must be interposed by the defendants and supported by evidence to show that plaintiff was guilty of contributory negligence. This is unquestionably the usual rule or procedure, but where the plaintiff alleges facts affirmatively showing that he was guilty of contributory negligence, the defendant may raise the issue by exceptions of no right or cause of action."

These averments of the petition are pointed to as disclosing contributory negligence:

"At all times mentioned herein, the said U. S. Highway 71, at and in the vicinity of the crossing, was a main artery of automobile and other vehicular traffic be-

tween all points north and south of the said Ninock, Louisiana, many thousands of automobiles passing over said crossing on said highway in each direction each day and each night.

\* \* \* \* \* \*

"As plaintiff approached said crossing, driving his automobile as aforesaid, he was at no time aware of the approach of said train, at no time did plaintiff see said train, and plaintiff does not remember ever having seen said train.

\* \* \* \* \* \*

"But, said train and said automobile driven by plaintiff proceeded toward said crossing, as set out above, until both reached said crossing at the same moment, at which time said train collided with said automobile, \* \*."

If the quoted allegations were solely controlling herein, we would be inclined to agree with the contention of counsel and the ruling of the trial judge; but there are other factual averments of the petition that must be given consideration.

Pertinent also are those reciting that the railroad track, at the point of collision, runs in a northeasterly and southwesterly direction, while the highway crosses it from north to south. The track "is in the shape and form of a curve for approximately one-half mile on either side of the crossing." Plaintiff was proceeding north on the highway and the train was traveling on the track in a southwesterly direction at a speed of 15 miles per hour or more. Both reached the crossing at the same moment. There was no ringing of the locomotive's bell or blowing of its whistle. No warning lights or signs plainly visible protected the crossing, and it was not physically flagged.

Additionally, plaintiff alleges: "At all times mentioned herein, the crossing was especially and peculiarly dangerous to automobiles traveling on the said U. S. Highway 71, in that at the crossing the railroad track crossed the highway at a very dangerous curve in direction of the said railway, and also in that brush, shrubs, trees, grass and crops were allowed by defendants, and were at the time of the accident described herein, growing on and alongside of the right of way of said railroad track in such position as to obscure said railroad track and crossing from the view of a motorist approaching same on said U. S. Highway 71 from the south;

all of which defendants knew or should have known, and none of which was known to plaintiff."

Defendants are further charged with being negligent by "allowing said crossing to exist at grade in such circumstances as to render it invisible and unnoticeable to motorists approaching on highway 71 from the south side of said crossing," and by "allowing weeds, grass, bushes, trees and crops to grow alongside of said railroad track on the railroad right of way to such a height and in such positions as to obstruct said railroad track and the train thereon from the view of a motorist approaching as did plaintiff."

It is to be noticed also that plaintiff is a nonresident of this state and that the petition in no place discloses that he knew or was aware of the existence or location of the crossing in question.

The case of Louisiana Power & Light Co. v. Saia et al., supra, from which the above quoted judicial expression comes, involved an ex delicto action. The automobile owned by plaintiff therein ran into the parked and unlighted truck and trailer of defendants, and the former sought to recover property damages. The only reason alleged for the failure to see the parked truck and trailer was that "it was quite dark". Defendants' exceptions of no cause and no right of action presented the question of whether or not the petition on its face disclosed that plaintiff was guilty of contributory negligence. After enunciating the doctrine set out above, Justice Higgins, speaking for the Supreme Court, remarked:

"It does not appear from the record that the plaintiff at any time offered an amendment to its petition to explain that there were any unusual circumstances which might have puzzled and confused the driver, as a prudent and careful operator, and prevented him from seeing the parked vehicle. Plaintiff was apparently content to rest its case upon the allegations of its original petition.

"It is our opinion that the plaintiff's petition affirmatively alleges facts showing that its employee was guilty of contributory negligence, because the single and solitary reason assigned for not seeing or discovering the presence of the truck and trailer was that 'it was quite dark.' Under these circumstances, the defendants have a right to raise the issue of con-

tributory negligence by exceptions of no right or cause of action, and this is particularly true where the plaintiff was not denied the right to amend its petition to show additional reasons why its employee failed to discern the unlighted parked vehicle."

The inference must be drawn from the language used in the cited and discussed case that if the plaintiff therein had alleged facts disclosing the existence of unusual circumstances which prevented a seeing of the parked truck, the exceptions would have been overruled.

■ In the instant case, according to the factual allegations of the petition, which must be accepted as true for the purpose of disposing of the exceptions of no cause of action, plaintiff's failure to observe the train, the track, and the crossing was due to the unusual and extraordinary circumstances that he pleaded, particularly the view obstructing agencies, the curved track and the lack of warning. By reason of the alleged situation, and as plaintiff was a nonresident and it is not apparent that he had knowledge of the crossing's existence, we hold that the petition does not affirmatively disclose that he was guilty of contributory negligence.

The Supreme Court in Gibbs v. Illinois Central Ry. Co., 169 La. 450, 125 So. 445, 447, appropriately said: "Contributory negligence is a special defense, and unless the facts alleged, which are accepted as true for the purpose of the trial of an exception of no cause of action, show affirmatively that the deceased was guilty of contributory negligence, and that such negligence was the proximate cause of his death, the exception should not be maintained."

Defense counsel cite the cases of Illinois Central Ry. Co. v. Leichner, 5 Cir., 19 F.2d 118 and Barnhill v. Texas & Pacific Ry. Co., 109 La. 43, 33 So. 63, wherein the doctrine was announced that, "The greater the difficulty of seeing or hearing a train as he [the motorist] approaches the crossing, the greater the caution the law imposes upon him." [19 F.2d 120]. At least two factors render those cases undecisive of the issues presented in the instant one. The decisions in both of those were reached after trials of the merits, and the motorists involved therein were aware of the existence of the crossings. Here the case is presented solely on an

exception of no cause of action, and it does not appear from the petition that plaintiff knew that he was approaching a crossing.

■ Attention is further directed by defendants to Act No. 12 of 1924, and Act No. 21 of 1932, Title 2, section 3, rule 17 (a), which require a motorist, on approaching a railroad crossing, to stop his vehicle for the purpose of observing trains before proceeding on to the tracks. The Court of Appeal of the First Circuit, in interpreting those statutes, has held that the Legislature did not intend to demand, as a condition precedent of the right to recover, that a motorist come to a complete stop before crossing a railroad track under any and all circumstances, but that the question of whether the failure to stop was a proximate cause of the accident is a matter for the court or jury to determine under the particular facts of the case. Aaron v. Martin et al., La.App., 167 So. 106; Robertson v. Missouri Pacific Ry. Co., La. App., 167 So. 165; Dobrowolski v. Holloway Gravel Co. Inc., La.App., 173 So. 474. This court said in Martin v. Yazoo & M. Ry. Co., La.App., 181 So. 571, 583, by way of reference to the cited cases, that, " * * * the late decisions of our courts are to the effect that the failure to stop before crossing a railroad track does not necessarily and in all events preclude recovery, unless it appears that the failure to stop was a proximate cause of the accident."

We agree with the announced interpretation.

■ The alleged dangerous condition of the crossing in the instant case and the other above enumerated and described circumstances, provide for us the conviction that the question of plaintiff's asserted contributory negligence should be determined after a trial of the merits. What we said in Patterson v. Chicago R. I. & P. R. Co., La.App., 175 So. 164, 165, 167, is here applicable, viz: "The petition in this case does not clearly disclose lack of right or cause of action in plaintiffs, and this being true, doubts thereon should be resolved in favor of the sufficiency of the petition. In so holding, it is not our purpose to prejudge the case on its merits to any extent."

Accordingly, the judgment of the trial court is reversed and set aside, the exceptions of no cause of action are over-

ruled, and the case is remanded to be tried according to law. Costs of this appeal shall be paid by defendants, while all other costs shall abide final determination of the cause.