100 So.2d 923 (1958)
Roger BERGERON et al., Plaintiffs-Appellants,
v.
The GREYHOUND CORPORATION et al., Defendants-Appellees.
No. 4545.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Denied March 17, 1958.
*925 Cadwallader, Dameron & Perkins, Dodd, Hirsch & Barker, Baton Rouge, for appellants.
Davidson, Meaux, Onebane & Nehrbass, Lafayette, Pugh, Buatt & Pugh, Crowley, for appellees.
TATE, Judge.
On October 14, 1955 a railroad locomotive ran into a truck driven easterly by Roger Bergeron and owned by his employer. Bergeron and his employer filed the present suit for damages thereby sustained against certain parties allegedly responsible for towing a disabled Greyhound bus and negligently parking it and leaving it parked so as to obscure from motor vehicle traffic any southbound trains approaching on the railroad tracks which crossed the highway at the place of the accident. The railroad was not joined as a party defendant.
An exception of no cause of action to plaintiffs' petition was sustained on the ground that the allegations thereof affirmatively disclose contributory negligence on the part of Bergeron barring recovery. Plaintiffs appeal this dismissal of their suit.
It was not strongly argued that the placing of the parked bus at the intersection of this main highway with the railroad tracks so as to completely obscure the adjacent tracks or trains from motor vehicle traffic could not constitute negligence which was a proximate cause of a resulting train-motor vehicle accident.
For such conduct, foreseeably increasing the hazard to public highway traffic and avoidable by the exercise of ordinary care, could thereby create an unreasonable risk of harm to others so as to constitute negligence, or a breach of the duty owed to others.[1] And such negligence could be the proximate cause of the present accident, since "the injury received [is] one for the prevention of which the duty exists", Green v. State, La.App. 1 Cir., 91 So.2d 153 at page 155.[2]
The chief controversy of this appeal centers about whether the allegations of the petition disclose contributory negligence justifying dismissal of the suit. All parties agree that a plaintiff in a tort suit is not required to negative contributory negligence in his petition and that therefore such petition cannot be dismissed upon an exception of no cause of action unless its allegations affirmatively establish that the damage resulted from such contributory negligence and "exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff (cases cited)", Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 at page 242.
Simply stated, the gist of defendants-appellees' argument is that as a matter of law the allegations of the petition show plaintiff Bergeron to be contributorily negligent because he entered upon the trackway at the crossing fully aware that he could not see whether or not any train was approaching.
Relied upon were cases holding that the greater the known difficulty of seeing rail *926 traffic at a crossing, the greater the caution required of the motorist, such as Barnhill v. Texas & P. Ry. Co., 109 La. 43, 33 So. 63 and Hutchinson v. Texas & N. O. R. Co., La.App. 1 Cir., 33 So.2d 139. The cases cited to us by defendants-appellees holding the plaintiffs therein contributorily negligent did so after trial on the merits and under the facts and circumstances proved at the trial thereof.
The fallacy of the appellees' argument, as we see it, is their assumption that under all conceivable circumstances it is causal negligence for a motorist to proceed, however cautiously, into a blind crossing in which the motorist is subsequently struck by an oncoming train which he was unable to see or hear. However, "the failure to stop, look and listen before driving on the crossing, is a matter of defense, which defendant must plead in order to urge it, and it may or may not be good. It depends upon the facts and circumstances of the case, Maher v. Louisiana Railway & Navigation Co., 143 La. 386, 78 So. 602," Pittman v. Yazoo & M. V. R. Co., 1 Cir., 7 La.App. 209 at page 210. (Italics ours.)
Both the Pittman and Maher cases concerned railroad crossing accidents in which the appellate courts reversed the dismissal of the damage suit petitions upon exceptions of no cause of action, as do the cases of Pittman v. Gifford-Hill & Co., La.App. 2 Cir., 188 So. 470; Aaron v. Martin, La. App. 1 Cir., 167 So. 106; Robertson v. Missouri Pacific Ry. Co., La.App., 165 So. 527; see also Gibbs v. Illinois Cent. R. Co., 169 La. 450, 125 So. 445 and Burmaster v. Texas Pacific-Missouri Pacific Terminal Railroad, La.App.Orleans, 174 So. 135, concerning similar reversals in railroad-pedestrian accidents.
In determining legal responsibility for the present accident, it must be remembered that not only is the conduct of the defendants and of the plaintiff's driver to be considered, but also the conduct of the railroad company. For, as the cases cited by this court in the preceding paragraph indicate, an attempted crossing by a motorist of an obstructed railroad-highway intersection which might ordinarily be deemed negligent may nevertheless not constitute a departure from the standard of ordinary care when attempted under circumstances where a reasonably prudent motorist would not anticipate the presence of a train at the crossing.
In Cherry v. Louisiana & A. Ry. Co., 121 La. 471, 46 So. 596, 17 L.R.A.,N.S., 505, 126 Am.St.Rep. 323, for instance, our Supreme Court held the railroad liable because of excessive speed and deficient signalling in the almost noiseless (due to the competing noise of a planer mill nearby) approach of its train to the very frequented town crossing upon which the accident occurred, the view as to which crossing was obstructed to highway users by railroad cars standing on or near it.
Likewise, in Holstead v. Vicksburg, S. & P. Ry. Co., 154 La. 1097, 98 So. 679, the court held a motorist not to be contributorily negligent in entering upon a side track (where a depot was situated "in such a manner as to completely obstruct the view in that direction of these traveling on the street from the south until they are practically upon the said side track", 154 La. 1098, 98 So. 680.) when the motorist, having slowed to three miles an hour, made a cautious entry into the crossing and was struck by a train approaching without signals, the sound of the approach of which was further screened by another train moving in another direction.
In O'Connor v. Chicago, R. I. & P. Ry. Co., La.App. 1 Cir., 40 So.2d 663, the railroad was held liable despite a negligent entrance onto the crossing by the motorist because its employees had the last clear chance to avoid the accident.
In the Robertson case, above cited, although plaintiff admitted coming upon *927 the tracks unable to see to her side beyond the limited field of her headlights, we stated in reversing the dismissal of her suit upon an exception of no cause of action, 165 So. 530: "Whether the driver of the car in the present case, on being unable to see or hear the approaching train, exercised that care and caution in driving onto the crossing to absolve her from responsibility as contemplated by this rule of the road, is a question of fact for the court or jury to determine on the trial of the case." Cf., "Whether negligence exists in a particular case must be determined by a consideration of all the attendant or surrounding facts and circumstances," 65 C.J.S. Negligence §1 a (5), p. 312.
The famous case of Pokora v. Wabash Ry. Co., 292 U.S. 98, 54 S.Ct. 580, 582, 78 L.Ed. 1149, similarly held that there is no absolute duty upon a motorist "to get out of the vehicle and reconnoitre" before entering a railroad crossing as to which the view is completely obstructed, pointing out that such a sortie is "very likely to be futile, and sometimes even dangerous", 298 U.S. 104, 54 S.Ct. 582. The Court there held that at such a crossing it was a factual question "whether reasonable caution forbade his [plaintiff's] going forward in reliance on the sense of hearing, unaided by that of sight," 298 U.S. 101, 54 S.Ct. 581.
The facts adduced upon a trial could possibly show plaintiff Bergeron's entrance into the obstructed railroad crossing to have been within the exercise of due care, under the circumstances shown; and we are unable to say that defendants-appellees' negligence could never constitute a concurring proximate cause of such an accident resulting from, as well as perhaps other negligence, a railroad crossing made unusually hazardous through their obstruction thereof.
We are reminded by defendants-appellees that the petition contained no allegations that any negligent conduct on the part of the railroad contributed to the accident, and that suit was not filed against the railroad. But suit is not required to be brought against all joint tortfeasors involved in an accident, and a petition need not allege all surrounding circumstances negativing contributory negligence. Further, "if a petition sets forth a state of facts consistent with a cause of action, same will not be dismissed on exception of no cause of action because the language of the petition may also be interpreted to include a state of facts inconsistent with a cause of action. West v. Ray, 210 La. 25, 26 So.2d 221," Johnson v. Graham, La. App. 2 Cir., 35 So.2d 278 at page 280.
It is sufficient here that the factual allegations from which defendants' liability to plaintiffs might resultconduct creating a foreseeably dangerous hazard which resulted in damage to plaintiffsadequately state a cause of action against the present defendants and do not affirmatively disclose contributory negligence on plaintiffs' driver's part, since factual circumstances admissible in the trial of the case could conceivably exist which would justify plaintiff's cautious entry into the obstructed crossing.
Defendants further urge that plaintiffs' allegations that the railroad track crossed the highway "in a north-south direction" and that defendants' bus was parked "about twenty (20) feet from the track on Bergeron's side of the track' affirmatively show that Bergeron had a space of twenty feet to view up and down a broad-angled crossing of the highway. We think plaintiffs correctly reply that these allegations do not preclude admission of evidence that the north-south railroad crossing was at an angle so acute as to be almost parallel with the highway, and that the busalthough parked 20 feet from the trackwas so parked, in conjunction with an adjacent filling-station, trees, and signboards that (as alleged by the petition) "said bus because of its position on the highway right of way near the *928 switch line track blocked Bergeron's view of the track to his left or to the north of the highway" (article 7), "requiring him to drive out onto the switch track a short distance in order to see the track and to see if any locomotive was approaching the crossing from the north or Bergeron's left" (article 10), while doing which, Bergeron's truck was struck by a train.
For the reasons assigned, the judgment of the trial court sustaining the exception of no cause of action is reversed, and the case remanded for trial; cost of this appeal to be paid by appellees, and other costs to await final determination of these proceedings.
Reversed and remanded.
NOTES
[1] Cf. 65 C.J.S. Negligence §1, a(6), p. 313: "Negligence is conduct creating an undue or unreasonable risk of harm or injury to others"; §4b, p. 339: "The duty [breach of which is negligence] is dictated and measured by the exigencies of the situation, and the risk reasonably to be perceived defines the duty to be obeyed."
[2] Cf. a somewhat similar duty owed by an occupier of land, 65 C.J.S. Negligence § 78, b. p. 576: "Where a person permits dangerous obstruction to be on his land so near the highway that, combined with the ordinary incidents of travel, they result in injury to persons or animals passing along the highway, he is liable." Cf. also, LSA-R.S. 14:97, 45:324, concerning a statutory duty not to obstruct safe and convenient use of the highways and not to render movement thereon more difficult.