## COULTON v. CARUSO.

### No. 17323.

Court of Appeal of Louisiana. Orleans.

May 6, 1940.

Rehearing Denied May 20, 1940.

Adam H. Harper, of New Orleans, for appellant.

O. H. Dabezies and George E. Konrad, both of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Edward Coulton, brought this suit to recover damages for personal injuries allegedly sustained by him on July

28, 1939, when he fell as a consequence of stepping into a hole on the front porch of the premises No. 2520 Cambronne Street in the City of New Orleans, which is owned by the defendant, Mrs. Paula Caruso. In his petition, he charges, in substance, as follows: That, on the date of the accident, he was an occupant of the house on Cambronne Street which had been rented by the defendant to his brother-in-law and sister, Mr. and Mrs. Noah J. Gautreaux; that, at about 9 A. M., while he was coming out of the interior of the house, he saw his niece, Lynn Gautreaux, the three-year old child of his sister, playing around a post located on the front porch; that, at that time and prior thereto, the boarding of the porch at the point where the child was playing was rotten and decayed; that several of the planks had been previously removed therefrom by the defendant's husband and agent, Paul Caruso, so that there was a large hole within the immediate vicinity of the post on the porch where the little girl was playing; that, seeing the child in a dangerous position and feeling that she would be injured, he immediately hurried to her assistance and in so doing his foot went through a hole in the porch and the rotten wood on the edge thereof and that, as a consequence, he fell from the porch and sustained personal injuries. He further alleges that his injuries (which he describes with particularity) are directly attributable to the defendant's negligence in failing to repair her property after it had become decayed and he prays for a judgment in damages for the sum of $300.

The defendant, in her answer, admits the ownership of the property and that plaintiff's brother-in-law was her tenant at the time of the accident. She denies, however, that any such accident, as described by plaintiff, occurred and that, if it did happen, she was without fault. She further alleges, in the alternative, that, if the court should find that she was negligent in any particular, then the plaintiff was guilty of contributory negligence in that he knew of the existence of the hole in the porch and that he should have realized that, if he stepped into it, he might be injured.

After a trial in the lower court on the foregoing issues, there was a judgment dismissing plaintiff's demand as of nonsuit. He has appealed.

A reading of the record in this case has been sufficient to satisfy us that the plaintiff was injured when he stepped into a hole on the front porch and that the boarding thereof was badly decayed and in need of repair. The plaintiff, his brother-in-law and his sister, Mr. and Mrs. Gautreaux, all testified that, prior to the accident, a number of the floor boards of the porch were rotten; that the defendant's husband and agent, Paul Caruso, visited the premises a few days before the plaintiff was injured and broke off one of the boards of the porch near the post where plaintiff fell and that, at that time, he promised to have the defects repaired. This evidence is not seriously contested by the defendant. On the contrary, Mr. Caruso, who appeared as a witness on behalf of his wife, admitted that he visited the premises on July 21, 1939, about a week before the accident; that he noticed that one of the boards on the porch was in bad condition and that he broke off a part of this board and warned Mrs. Gautreaux to be careful when using the porch.

■ In view of this, it follows that the defendant is liable to plaintiff, who was a lawful occupant of the premises, for the injuries he received as a result of the vices and defects contained in the building. See Revised Civil Code Articles 670, 2315 and 2322 and Tesoro v. Abate, La.App., 173 So. 196.

We therefore pass on to a determination of the only serious issue in the case, i. e., whether the plaintiff was guilty of contributory negligence. Plaintiff's testimony as to the manner in which the accident occurred is as follows: That he was fully aware of the defective condition of the porch and knew that there was a hole in the boarding near the post thereof; that, at about 9 a. m. on the day of the accident, while his sister, Mrs. Gautreaux, was washing the breakfast dishes, she asked him to go out and find her three-year old child Lynn; that he went to the front of the house and, as he reached the door, he saw the child swinging around the post within the immediate vicinity of the hole; that, feeling that the child would fall in the hole and being of the belief that she was in a dangerous position, he immediately ran towards her; that, before he got to her, his foot and ankle slipped into the hole and that, as a result, he was thrown off the porch and injured.

The statement of the plaintiff is substantially corroborated by the evidence of his sister, Mrs. Gautreaux, who says that,

after she told the plaintiff to find her child, she followed him to the front door; that, when she arrived there, the plaintiff had just fallen; that she immediately ran to her child and that, after rescuing the latter from her position of danger, she went to the aid of her brother.

It is the defendant's contention that, because of the fact that plaintiff was well acquainted with the defective condition of the porch, he was guilty of gross negligence in stepping into the hole near the post as he should have realized that his act in so doing would result in his injury. Our recent decision in Johnson v. Lucy Realty & Development Co., 187 So. 325, is cited in support of the argument.

Plaintiff, on the other hand, while conceding that, under ordinary circumstances, he would be chargeable with contributory negligence, maintains that a different rule is applicable to his conduct in this case. He asserts that, when he saw the little girl swinging around the post within the immediate vicinity of the decayed floorboards, he had ample cause to fear that she was in danger; that an emergency existed, which required sudden action on his part and that, under these conditions, he should not be held to the same degree of care as would usually be expected of a prudent person.

■ It cannot be doubted that the fact that plaintiff stepped into the hole on the porch in broad daylight, when he had knowledge of its existence, would ordinarily be sufficient reason for sustaining the defendant's plea of contributory negligence. It is well recognized in the jurisprudence, however, that, where a person places himself in a position of known danger as the result of an emergency, he is not to be held to the same degree of care as would usually be chargeable to him. This rule has been applied in cases where a person acts upon sudden impulse for the purpose of preventing personal injury to others and it has been maintained by the courts of this State on many occasions. See Peyton v. Texas & Pacific R. R. Co., 41 La.Ann. 861, 6 So. 690, 17 Am.St.Rep. 430; DeMahy v. Morgan's Louisiana & Texas R. & S. S. Co., 45 La.Ann. 1329, 14 So. 61; Babin v. Sewerage & Water Board, 2 La.App. 517, and Davis v. Hochfelder, 153 La. 183, 95 So. 598. In 45 Corpus Juris, Verbo "Negligence", Section 520, Page 966, it is stated: "Conduct which might otherwise be considered negligent may not be so considered where a person is injured in attempting to save others from imminent danger of personal injury or death. Persons are held justified in assuming greater risks in the protection of human life where they would not be under other circumstances. One is not guilty of contributory negligence in exposing himself to danger of injury in order to rescue another from imminent danger of personal injury or death, if, under the same or similar circumstances, an ordinarily prudent person might have so exposed himself, or, as often expressed, if the act of intervention was not performed under such circumstances as would make it rash or reckless in the judgment of ordinarily prudent persons. This is true, even though the person attempting the rescue knows that it involves great hazard to himself without certainty of accomplishing the attempted rescue, and even though in attempting such rescue, he thereby imperils his own life. It is immaterial that the person sought to be rescued is guilty of contributory negligence in exposing himself to the danger. While one is guilty of negligence if the circumstances make such attempt rashness or recklessness in the judgment of a man of ordinary prudence, one attempting to rescue another cannot be said to be rash or reckless if the surrounding circumstances and conditions justified a belief that he could prevent or avert the threatened harm. In determining whether one making or attempting such a rescue exercised ordinary care, all the surrounding circumstances are to be considered, including the existing emergency, the alarm, excitement, and confusion usually present, the uncertainty as to the means to be employed, the necessity for immediate action, and the liability to err in the choice of the best course to pursue."

■ Thus, it will be seen that the question of whether plaintiff should be relieved of the duty of care, which would ordinarily be required of him, depends upon whether he was justified in believing that his little niece was in a position of imminent peril. The answer to this question can only be supplied by a careful investigation of the facts of the case. Plaintiff says that, when he saw the child swinging around the post on the porch, he believed that she was likely to injure herself. Under these circumstances, he rushed to her rescue and, apparently for the moment, he completely forgot that his action in so doing might result in personal injury to himself. Under these circumstances, we

feel that it would be unfair to hold him to the same degree of deliberation and forethought as would ordinarily prevail. It may be said that he did not act wisely but persons acting under stress or fear cannot be expected to exercise the judgment which would be required of them under different conditions. We therefore hold that, under the particular facts of this case, the plaintiff is not chargeable with contributory negligence.

Being of the opinion that the defendant is liable, we finally consider the nature and extent of plaintiff's injuries. The record discloses that his hurts were not serious or particularly painful and they may be described generally as contusions and bruises of the shoulder, back and ankle. He was not confined to his bed for any appreciable length of time and Dr. George C. Battalora, the physician who examined him five or six days after the accident, states that his disability was of about a ten day duration.

We think that an award in the sum of $150 is ample compensation to plaintiff for the consequences of the accident.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Edward Coulton, and against the defendant, Mrs. Paula Caruso, for the full sum of $150 with legal interest thereon from date of judicial demand until paid and for all costs.

Reversed.