TATE, Judge.
The plaintiff appeals from judgment dismissing his suit upon exceptions of no right of action and of estoppel. These exceptions were tried upon the face of the pleadings, the defendant having annexed to his exceptions certain documentary exhibits which were the basis of the judgment of dismissal.
Pertinent allegations of the plaintiff’s original and supplemental petitions show:
“3
“Approximately 450 head of cattle, branded ‘JC’, of a value of approximately $78,750.00, have been acquired by and are owned by the community existing between petitioner and his wife.
«4
“Some of said cattle have been acquired by purchase under the name of ‘Sue Granger’, wife of petitioner, during the existence of this marriage, and some of the said cat-tie are an increase in the herd by the joint efforts and industry of petitioner and his wife.
“5
“Said cattle are presently pastured upon premises owned or controlled by defendant, Edward J. Stine, and defendant refuses to permit petitioner to remove them or exercise any control or management of them.
“8
“That petitioner and/or petitioner’s wife have loaned or advanced unto defendant or paid to various creditors of defendant for the account of defendant, an unknown amount of money, the purpose of which was the improvement by defendant of realty owned by defendant; that the exact amount of money so loaned, advanced unto defendant or paid upon account of defendant is unknown to petitioner, but petitioner believes, and therefore alleges upon information and belief that such sums are in aggregate amount of not less than $45,000.00, and consequently, defendant has unjustly enriched himself at the expense of petitioner.
“9
“Petitioner should have and recover judgment against defendant for the amount of money so loaned, advanced to defendant, or paid for the account of defendant, and said judgment should be in an amount of not less than $45,000.00.
“4 [Supplemental]
“That plaintiff executed the notarial act [to be referred to below] filed *230 herein and attached to and made a part of defendant’s Plea of Estoppel, while under a mistaken belief as to the law and the facts surrounding the subject matter of said notarial act.
“5 [Supplemental]
“Petitioner has learned, subsequent to the execution of said notarial instrument, that the facts as set forth therein were incorrect in that the movable property referred to in said instrument is property owned by the community of acquets and gains heretofore existing between petitioner and petitioner’s wife, Mary Sue Granger, and further that Edward J. Stine was not the owner of an undivided one-half interest in said cattle as had been represented to petitioner.”
The suit prays for possession of the cattle or, alternatively, for monied judgment for their value of $78,750; and for an additional monied judgment in the amount of $45,000.
The trial court’s judgment sustaining the exceptions was based upon notarial acts executed by the plaintiff and his wife, Mary Sue Granger, on June 2, 1953.
In these acts the husband and wife acknowledged that approximately 177 cattle and the brand “JC” had been acquired as of that date by use of the wife’s separate funds, or by money borrowed from her during the existence of the community on behalf of her separate estate and paid from the cattle business, which remained the wife’s “separate and paraphernal property under her separate management and control and are handled for the benefit of her separate and paraphernal estate.” These acts further acknowledged that the defendant owned an undivided one-half interest in the cattle and was entitled to an undivided one-half interest in any additional cattle as would be acquired by the plaintiff’s wife in the cattle business which the defendant was managing for the wife’s separate account.
Whatever effect these notarial acts may have in showing or denying the appellant’s right to a community interest in the cattle owned in 1959 when the suit was filed, if such cattle are indeed the result of increases and acquisitions in the cattle business maintained as the wife’s separate property pursuant to the 1953 notarial acts, we are unable on the face of the pleadings and the documentary exhibits to assume that the cattle for which recovery is sought by this 1959 suit actually occupy the status which might result if they had been so acquired, as there is no evidence or uncontested pleading so identifying them. Further, in view of the additional allegations of money borrowed and due and of error of fact, we are unable to dismiss the plaintiff’s claim on the face of the pleadings and exhibits.
The exceptions must therefore be overruled and the case remanded for further proceedings according to law.
In fairness to the trial judge, it should be observed that the primary argument of both parties both in the lower court and before us was directed to the merits and involved certain factual assumptions not in the record. We are unable, however, to disregard appellant’s argument on appeal that in view of the facts pleaded by the petition he is entitled to produce evidence to prove that defendant has community property in his possession and/or is liable to the community.
For the above and foregoing reasons, the judgment of the District Court sustaining the exception of no right of action and the plea of estoppel is reversed, and this suit is remanded for further proceedings according to law. The costs of this appeal are assessed against the defendant-appellee; all other costs will await final determination of these proceedings.
Reversed and remanded.