TATE, Judge.
The plaintiff seeks to recover damages caused him through the alleged negligence of the employees of T. L. James & Company (“James”), which company and its liability insurer were made co-defendants. The trial court sustained the defendants’ exception of no cause of action. The plaintiff appeals the consequent dismissal of his suit.
The allegations of the petition show that late one Sunday afternoon in November the plaintiff, driving westward “following another vehicle”, was involved in an accident on State Highway 14 about six miles west of Gueyden, when he ran into an unmarked cable stretched between two motor graders of the defendant James. One motor grader, it is alleged, was parked “at a standstill” so as to completely obstruct the westbound traffic lane, “without adequate warning to the public travelling on said highway”, and was attempting to pull *831 out by means of the unmarked cable the other motor grader stuck in the ditch on the north side of the road.
The allegations of the petition further show that, after the first vehicle pulled and passed in the south lane the obstructing grader, the plaintiff was unable to do so also because of oncoming traffic; that “confronted with such sudden emergency and in order to avert colliding with such stalled motor grader, your petitioner swerved his vehicle to his right towards the wide shoulder on the north edge of such highway in order to pass such motor grader on the shoulder of such highway; that your petitioner did not see the heavy steel cable which was stretched taut between such motor graders about five or six feet above the ground, such cable being attached firmly to each of such motor graders; that your petitioner’s automobile collided with such steel cable causing the personal injuries and damages hereinafter set forth. * * * ”
Among other acts of negligence on the part of James’ employees causing the accident, the plaintiff’s petition avers that the travelled portion of the highway was obstructed in violation of LSA-R.S. 32:241 [1], that no adequate warning was given of this obstruction, nor of the existence of a taut and indiscernible cable stretched between the two vehicles in violation of LSA-R.S. 32:277[2] and that a “death trap” dangerous to oncoming traffic was created through the negligence of James’ employees in the respects above mentioned.
Despite the able argument of counsel for the defendants-appellees, we think that the petition unquestionably pleads negligence contributing to the accident on the part of the defendants’ employees.
The obstruction of a highway, “foreseeably increasing the hazard to public highway traffic and avoidable by the exercise of ordinary care, could thereby create an unreasonable risk of harm to others so as to constitute negligence, or a breach of the duty owed to others,” Bergeron v. Greyhound Corporation, La.App. 1 Cir., 100 So.2d 923, 925, Cf. LSA-R.S. 14:96, 97. And even though (as it is argued) the negligence of the plaintiff may also have contributed to the accident, the negligence of the defendant in creating the trap or the unlawful obstruction of the highways may nevertheless be a contributing cause of the accident, because in such instances “the criterion governing liability is whether the person creating the danger could or should reasonably have foreseen that the accident might occur. If such were the case, then he is liable notwithstanding the intervening cause.” Jackson v. Jones, 224 La. 403, 69 So.2d 729, 733.
It is alternatively urged that the facts pleaded show on their face that the plaintiff is contributorily negligent so as to bar his own recovery. However, as stated in the above-cited Bergeron case, 100 So. 2d 925, “a plaintiff in a tort suit is not required to negative contributory negligence in his petition and * * * therefore such petition cannot be dismissed upon an *832 exception of no cause of action unless its allegations affirmatively establish that the damage, resulted from such contributory negligence and 'exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff (cases cited)’, Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 at page 242.”
The allegations of the petition do not affirmatively show such relevant facts as the relative rates of speed of the preceding and of the plaintiff’s vehicles, nor the distance between them, nor whether or not the alleged obstruction of the highway by the defendant James’ employees was at a site not readily observable by oncoming traffic in time reasonably to observe and to avoid the hazard thereby created, such as on a highway curve. (See LSA-R.S. 32:241, providing that oncoming traffic must be afforded a clear view of the obstruction “at least two hundred feet” distant.)
While of course the general rule is that a driver must maintain such control of his vehicle as to be able to avoid accidents by reason of hazards reasonably to be anticipated on the road ahead, drivers not otherwise negligent who collided with objects in their path have been held to be free of negligence when they could not reasonably anticipate or observe the obstruction in time to avoid the accident. See e. g., Felt v. Price, La., 126 So.2d 330; Fontenot v. Lafleur, La.App. 3 Cir., 124 So.2d 607, certiorari denied; Henderson v. Shewbart, La.App. 1 Cir., 112 So.2d 727. The allegations of the petition do not af-firmatvely show that the plaintiff, otherwise proceeding lawfully, must be held to a duty to have observed the obstruction and to have avoided the accident; for facts admissible under the pleadings might disclose that the plaintiff could not reasonably have anticipated or observed the obstruction ahead because, for instance, of the course of the roadway or the size of the preceding vehicle, etc.
As to the defendants’ argument that the plaintiff is negligent on the face of the pleadings because he is required to pass to the left when “overtaking another vehicle proceeding in the same direction”, LSA-R.S. 32:233A, it suffices to state that under the facts pleaded by the petition, including the allegation that under them the plaintiff was confronted with a sudden emergency created by the negligence of the defendant James, we are unable to see that the petition affirmatively shows that such allegedly negligent passing on the right must under all conceivable admissible facts be regarded as a proximate cause of the accident. When one party negligently creates a situation which confronts the other party with a sudden emergency, the latter’s improvident action, in response to the emergency thus created by the former’s negligence, is deemed to be a consequence of the initial negligence, and the improvident action will therefore not defeat recovery. See, e. g., Lanier v. Hartford Acc. & Indemnity Co., 228 La. 736, 84 So.2d 173; Guidry v. Crowther, La.App. 1 Cir., 96 So. 2d 71, certiorari denied (where driver who collided on wrong side of highway was absolved of negligence) ; Higginbotham v. Frazier, La.App. 1 Cir., 92 So.2d 89, certiorari denied.
The holdings of the many cases persuasively discussed by very able counsel for the defendants-appellees concern facts or pleadings which affirmatively showed that the negligence of the oncoming driver in passing on the right contributed to the accident and/or as holding under the facts affirmatively shown that the negligent speed or lack of observation of the oncoming driver had contributed to the emergency and the resulting accident and thus did not justify the invocation of the sudden emergency doctrine. There are no such affirmative showings by the pleadings in the present case, and thus the authorities .relied upon are distinguishable.
For the foregoing reasons, the judgment of the trial court sustaining the defendants’ *833 exception and dismissing this suit is reversed, and this suit is remanded for further proceedings according to law. The costs of this appeal are assessed against the defendants-appellees. All other costs will await the final determination of these proceedings.
Reversed and remanded.

. “No person shall parle any vehicle, attended, or unattended, upon the main traveled portion of any highioay, outside of a business or residence district, when it is practicable to parle it off the main traveled portion of the high-ioay. In no event shall any person parle a vehicle, attended or unattended, upon a highioay unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehicles, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway. * * * ”

. “The connection between any two vehicles, one of which is towing the other, on a public highway of this State, shall not exceed fifteen feet in length, and when such connection consists of a chain, rope, or cable, there shall be displayed upon it a red flag or other plainly visible signal of cloth at least twelve inches in length and width.