138 So.2d 433 (1962)
Mrs. Nellie STEAGALL, Plaintiff and Appellant,
v.
HOUSTON FIRE & CASUALTY INSURANCE COMPANY et al., Defendants and Appellees.
No. 515.
Court of Appeal of Louisiana, Third Circuit.
March 8, 1962.
*434 Lloyd G. Teekell, and Maurice T. Mouton, Alexandria, for plaintiff-appellant.
Provosty, McSween, Sadler & Scott, by Richard B. Sadler, Jr., Alexandria, for defendants-appellees.
Before CULPEPPER, SAVOY and HOOD, JJ.
CULPEPPER, Judge.
In this tort action plaintiff seeks damages for personal injuries received while a guest passenger in a 1955 Chevrolet Sedan owned and being driven by her husband, when said automobile collided with the rear of a parked 1956 Chevrolet Sedan owned and being operated by the defendant, Marvin Davis. The defendant filed an exception of no cause of action on the grounds "that the allegations of plaintiff's petition are insufficient to state actionable negligence on the part of the defendant, Marvin L. Davis." From a judgment of the lower court sustaining said exception and dismissing plaintiff's suit, the plaintiff has taken this appeal.
Plaintiff's original petition alleges that the collision occurred on November 16, 1960 at approximately 1:15 p. m., on Alex Street in Hot Wells, Louisiana. The said street is alleged to be "a blacktopped road 20' wide, with 16" (in her brief plaintiff alleges this is a typographical error and should be sixteen feet) shoulders; it has two traffic lanes which are not separated. It is a straight road, was dry and on grade, and is located in a small shopping and business area." Plaintiff further alleges that the Steagall vehicle was proceeding north on said Alex Street and the Davis vehicle was parked on Alex Street "facing north with its right wheels approximately 2' 3" on the road." The petition avers further that at said time and place an automobile operated by C. F. Biggs was traveling south on said Alex Street and was also approaching the location of the parked Davis vehicle. Then plaintiff alleges that Mr. Steagall "because of the oncoming Biggs vehicle, collided with the rear of the Davis automobile resulting in serious injuries to plaintiff, Mrs. Nellie Steagall." In paragraph IX of her original petition plaintiff particularizes the negligence of the defendant Davis as follows:
"The sole and proximate cause of the accident between the Davis and Steagall vehicles was the gross negligence of said Davis; that Davis' negligence is particularized as follows:
"a. Parking his vehicle improperly, and in violation of rules, regulations, and laws applicable.
"b. Obstructing a public street, road, or highway by improperly and illegally parking thereon in the manner aforesaid, and thus creating a serious traffic hazard.
"c. Failure to properly and legally park his vehicle off of the blacktop surface so as to avoid obstructing the street, road, or highway.
"d. Failure in general to obey the laws, rules, and regulations governing the operation of automobiles on the public highways of the State of Louisiana, and the ordinances of the Town of Hot Wells."
In her first supplemental petition the plaintiff amended said paragraph IX of her original petition by adding the following:
"(e) Davis, defendant herein, was further negligent because he parked his aforesaid vehicle facing northerly on Alex Street in Hot Wells, Louisiana, with the left wheels thereof protruding and resting at least three feet nine inches (3' 9") on and into the East traffic lane of said street, which said action on Davis' part interfered with the normal and customary use of said East traffic lane, and street, by the approaching *435 Steagall vehicle which was travelling North thereon on the date, and at the time and place aforesaid, and at which time and place the West traffic lane of such street was occupied and being used by the aforesaid Biggs automobile which was travelling south."
In a second supplemental petition plaintiff alleges in the alternative that in the event the court should find the negligence of Davis was not the sole proximate cause of the accident, then and in that event, petitioner avers that the collision was caused by the joint and concurrent negligence of Davis and Mr. Steagall. The alleged negligence on the part of Mr. Steagall is particularized as follows:
"1. Failure to keep a look-out so as to avoid running into the Davis vehicle which was parked several feet on the blacktopped street in the lane and path of the Steagall vehicle.
"2. Failure to see and observe the Davis vehicle, as he should have, and not stopping his vehicle short of ramming the Davis car which was directly in and parked several feet on the street itself.
"3. Driving his automobile into the rear-end and colliding with the Davis vehicle while it was parked, as above set forth.
"4. Failure to exercise proper control of his vehicle so as to avoid striking the Davis automobile, parked as aforesaid.
"5. Failure to exercise due care and caution in order to avoid causing injury.
"6. Failure in general to obey the laws and rules relative to the operation of motor vehicles in the State of Louisiana, and in the Town of Hot Wells, Louisiana."
Although plaintiff alleges that the Davis vehicle was parked in violation of a State Statute, it is apparent from a reading of LSA-R.S. 32:241, regulating the parking of vehicles on state highways, that it does not apply in business or residential districts and therefore has no application in the instant matter where the violation is alleged to have occurred in a shopping and business area in Hot Wells, Louisiana. However, plaintiff also alleges that Davis was parked in violation of "the ordinances of the town of Hot Wells" and therefore for the purposes of this exception of no cause of action we must accept as true that there was such a safety ordinance and that Davis was parked in violation thereof.
Our learned brother below did not have the benefit of the very recent case of Dixie Drive It Yourself System, New Orleans Company, Inc. v. American Beverage Company et al., 242 La. , 137 So.2d 298 (La. Sup.Ct. Jan. 15, 1962). In that case, Dixie Drive It Yourself System had leased one of its trucks to Gulf States Screw Products Company, whose driver collided with the rear of the defendant's truck, parked in the right hand lane of a four-lane highway so as to leave a clearance of less than fifteen feet in the left lane, in violation of LSA-R.S. 32:241. Additional pertinent facts were that it was misting rain and defendant's vehicle had been parked in this position for approximately ten minutes without putting out flags or protecting traffic as required by said statute. The trial court and the court of appeal, 128 So.2d 843, held that although the defendant's driver might have been negligent in not pulling off the highway and in not setting up flares, such negligence was passive and too remote to be a proximate cause of the rear end collision, where the driver of plaintiff's vehicle failed to see the tractor-trailer despite good visibility. In reversing the court of appeal, our Supreme Court held as follows:
"The statute was designed to protect life and property on the highways. It is a safety measure. The violation of its provisions is negligence per se, and this negligence is actionable if it was a legal cause of the collision.

*436 "There is no universal formula for the determination of legal cause. In the instant case it bifurcates into two distinct inquiries: whether the negligence of the obstructing driver was a cause-in-fact of the collision; and whether the defendants should be relieved of liability because of the intervening negligence of the driver of the Dixie truck.
"It is clear that more than one legally responsible cause can, and frequently does, contribute to a vehicular collision.
"Negligent conduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm. Under the circumstances of this case, the negligent conduct is undoubtedly a substantial factor in bringing about the collision if the collision would not have occurred without it. A cause-in-fact is a necessary antecedent. If the collision would have occurred irrespective of the negligence of the driver of the R C Cola truck, then his negligence was not a substantial factor or cause-in-fact.
* * * * * *
"The inquiry as to whether a defendant should be relieved of liability because of the intervening negligence of another is frequently couched in terms of proximate cause. In the instant case the Court of Appeal concluded that the defendants should be relieved of liability based upon the following statement of law:
"`Whatever negligence may have been involved on the part of the driver of the defendant vehicle had become passive and too remote to be a contributing cause of the accident. The sole proximate cause thereof was the negligence of the driver of the plaintiff truck. The defendant is not liable because the negligence of its employee-driver was not a proximate cause of the accident.'
"The thrust of this formulation of law is toward relieving all but the last wrongdoer of liability to an innocent victim in torts involving intervening negligence. This restrictive doctrine finds little support in legal theory. We do not subscribe to it."
As we understand the Dixie Drive It decision of our Supreme Court, it holds that the concept of passive negligence is not recognized in Louisiana law to defeat the claim of an innocent tort victim. This is made clear in a later portion of the Dixie Drive It decision wherein the court, in discussing such Court of Appeal decisions as Manning v. Fortenberry, La.App., 107 So.2d 713; Williams v. Pelican Creamery, La.App., 30 So.2d 574 and Penton v. Sears, Roebuck & Co., La.App., 4 So.2d 547 held as follows:
"Admittedly, the broad language of these decisions in reference to proximate cause conflicts with Falgout v. Younger [La.App., 192 So. 706] and Malone v. Hughes [La.App., 65 So.2d 665], supra, as well as the views expressed herein. Insofar as such a conflict exists, we have elected not to follow these decisions. The doctrine of passive negligence, as stated in them, places undue emphasis on the chronology of the negligent acts and omissions. In so doing it insulates the first wrongdoer from liability to innocent victims. As applied to cases of the type here presented, it renders nugatory the statutory provisions against the obstruction of highways."
Applying the above statement of the law to the instant case, it is apparent we cannot hold that defendant's alleged negligence, in parking partially on the blacktopped surface of the street, in violation of a town ordinance, was not a proximate case of the accident because it occurred first and had become passive. The sole inquiries here are whether the negligence of defendant, in illegally parking on the *437 street, was a __"cause-in-fact" of the collision, and whether the defendant should be relieved of liability because of the intervening negligence of Mr. Steagall.
Applying the law of the Dixie Drive It case to the facts alleged in the instant case, it is clear that the illegal parking of the defendant's vehicle may have been a substantial causal factor contributing to the accident. Plaintiff alleges that defendant's vehicle "__interfered with the normal and customary use of said east traffic lane, and street, by the approaching Steagall vehicle which was traveling north thereon on the date, and at the time and place aforesaid, and at which time and place the west traffic lane of such street was occupied and being used by the aforesaid Biggs automobile which was traveling south." It is therefore our conclusion that the alleged negligence of the defendant may, under evidence admissible under the allegations, have been a substantial cause-in-fact of the collision and the resulting harm to the plaintiff, without which the accident would not have occurred.
Further, under these allegations, the negligence of Mr. Steagall, the driver of the vehicle in which the plaintiff was riding, was not necessarily an intervening cause such as would relieve the defendant of liability for the accident, but may have been rather a concurrent contributory proximate cause. For, as we recently stated in Perera v. Johnson, La.App., 125 So.2d 493, 496:
"`An intervening cause is one which comes into active operation in producing the result after the actor's negligent act or omission has occurred.
"`The defendant ordinarily will not be relieved of liability by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created.
"`The defendant will ordinarily be relieved of liability by an unforeseeable and abnormal intervening cause which produces a result which could not have been foreseen. * * *'"
This same concept, that the intervening cause will not relieve defendant of liability, if it was reasonably foreseeable and a normal incident of the risk created by defendant's negligence, is stressed by our Supreme Court in the Dixie Drive It case. The court emphasized that the objective of the statute violated was to protect against the likelihood of an oncoming motorist failing to perceive the obstructing vehicle in time to stop, and that it was this very hazard which resulted in the parked vehicle being struck. The instant case is very similar in that the alleged intervening negligence of Mr. Steagall, as set forth in plaintiff's alternative demand, was the very thing which the alleged parking ordinance was intended to prevent.
It is to be remembered that in passing on an exception of no cause of action, a plaintiff is not required to negate all statements of fact which might bar his own recovery but, rather, the exception must be overruled unless its allegations affirmatively establish that under no facts admissible under the allegations of the petition does he have a cause of action and unless its allegations exclude every reasonable hypothesis of facts other than those showing that the plaintiff cannot recover as a matter of law. Rogers v. T. L. James & Co., La.App. 3 Cir., 128 So.2d 829; Granger v. Stine, La.App. 3 Cir., 127 So.2d 228; Bergeron v. Greyhound Corp., La.App. 1 Cir., 100 So.2d 923. That is, "if a petition sets forth a state of facts consistent with a cause of action, same will not be dismissed on exception of no cause of action, because the language of the petition may also be interpreted to include a state of facts inconsistent with a cause of action. West v. Ray, 210 La. 25, 26 So.2d 221." Johnson v. Graham, La.App. 2 Cir., 35 So.2d 278, at page 280.
The exception of no cause of action must therefore be overruled.
*438 For the reasons assigned the judgment appealed from is reversed and set aside, plaintiff's exception of no cause of action is overruled and this case is remanded to the district court for further proceedings in accordance with the view expressed herein. All costs of this appeal are assessed against the defendant.
Reversed and remanded.