SAMUEL, Judge.
This is a suit for damages resulting from an alleged breach of contract. The defendant, John Cavallino, filed exceptions of no right and no cause of action to the demands of both plaintiffs, Dr. Marvin Cavallino and Vincent Cavallino. After a hearing at which no evidence was offered, there was judgment dismissing the exceptions as to Vincent Cavallino and maintaining the exceptions as to Dr. Marvin Cavallino, dismissing the latter’s demand. Dr. Marvin Cavallino has appealed.
The pertinent factual allegations of the petition, and the pertinent contents of dbc-uments attached to and filed with the petition, which are accepted as true and correct for the purpose of disposing of the exceptions, are set forth in the following four paragraphs.
On or about June 29, 1961, acting on behalf and as nominee of his brother, plaintiff Vincent Cavallino, defendant purchased in defendant’s name a certain lot of ground, together with the buildings and improvements thereon, situated in Wagner Park Subdivision in the Parish of Jefferson. On the same date defendant executed a counter letter addressed to Vincent Cav-allino acknowledging: the property did not belong to defendant; it had been purchased on Vincent’s behalf, title having been placed in defendant’s name for convenience only; and the consideration and costs had been paid by Vincent. The counter letter obligated defendant, without consideration, to formally convey title to Vincent at any time the latter desired. It was also signed by Vincent and provided that all obligations undertaken in the act of acquisition were in fact the obligations of Vincent. Subsequently, on February 2, 1968, the counter letter was registered in the conveyance records of the Parish of Jefferson.
In purchasing the property defendant, only as nominee for Vincent, assumed payment of two promissory notes having a total balance of $32,473.73, which notes were secured by mortgages on the property. On September 10, 1963 those notes and mortgages were cancelled and the indebtedness refinanced through a sale to Fidelity Homestead and resale by it to defendant. A new promissory note in the amount of $29,000 was issued by Vincent, but in the name of defendant, to Fidelity. That note was secured by mortgage on the property and all monthly payments due thereon were made by Vincent through October, 1967.
On November 21, 1967 Vincent Cavallino conveyed the property to his son, Dr. Marvin Cavallino, the other plaintiff and appellant herein. On November 23, 1967 defendant borrowed $6,065.63, giving his promissory note therefor. Without authority, and without the knowledge of appellant, defendant fraudulently secured that indebtedness by granting a mortgage on the property.
On December 20, and 21, 1967 appellant obtained and accepted an offer to.purchase the property for a total consideration of $39,000. He requested the defendant to join in the act of sale. Defendant refused to do so unless he was paid the sum of $2,500. Although an extension of the time for passing the act was obtained, defendant continued to refuse to join therein and, in consequence, appellant felt he could no longer continue paying the installments on the note held by Fidelity. On February 14, 1968 Fidelity instituted foreclosure pro *625 ceedings on its first mortgage and in those proceedings the property was sold for $35,502, a sum sufficient to pay only the costs of the foreclosure proceedings and sale and the first and second mortgages.
Plaintiffs’ petition seeks judgment in their favor for monetary damages itemized as follows: the difference between tH'e consideration which was to be paid under the agreement to sell and the consideration paid as a result of the foreclosure sale; the costs occasioned by the foreclosure sale; the amount of the second mortgage which the defendant had placed on the property without authority; attorney’s fees; and loss of use of the money involved.
We are satisfied the allegation that on November 21, 1967 one of the plaintiffs, Vincent, conveyed the property to the other plaintiff, Dr. Marvin Cavallino, gives the latter a right and cause of action herein. Under that allegation plaintiffs can offer evidence showing the conveyance was full and complete and necessarily included a transfer to appellant of all of the rights and actions Vincent had under the counter letter.
We find no merit in either of the two contentions made by counsel for the defendant. Those contentions are: (1) The acts of September 10, 1963 by which the property was sold to Fidelity Homestead and then resold by it to the defendant constituted a valid sale which divested Vincent Cavallino (and therefore appellant, Vincent’s transferee) of any interest in the property, citing Hausler v. Nuccio, 214 La. 1069, 39 So.2d 734; and (2) any alleged damages sustained as a result of the foreclosure are not recoverable by appellant because those damages were caused by his own acts in entering into the agreement to sell despite registered title in the defendant’s name and, prior to defaulting on the mortgage payments, in taking no steps, such as continuing to make payments on the mortgage indebtedness to Fidelity and bringing an action against the defendant to resolve the question of title, to prevent or minimize the damages.
In connection with the first contention the question of whether or not the homestead transaction constituted a valid sale is immaterial. Assuming, but not deciding, it was a sale, under all of the petition’s allegations the transaction did not relieve defendant of his obligations under the counter letter and did not result in the defendant acquiring, and Vincent Cavallino losing, title to the property. Under LSA-C.C. Art. 2239 counter letters have effect against all persons except creditors or bona fide purchasers and are valid as to all others. Clearly, here the counter letter was valid as between the two parties thereto, that validity was not effected by the homestead transaction, and there is nothing in the petition or attached documents suggesting the defendant was ever relieved of any of his obligations under the counter letter.
Defendant’s second contention has reference only to a cause of action as to those damages resulting from the foreclosure proceedings and sale. The simple answer to the contention is that properly it cannot be considered. As, allegedly, the conveyance from Vincent Cavallino to Dr. Marvin Cavallino occurred on November 21, 1967 and the defendant fraudulently mortgaged the property on November 23, 1967 to secure his own $6,065.63 indebtedness, Dr. Marvin Cavallino has alleged a cause of action for that item. Our settled jurisprudence is that, if the petition sets forth a cause of action on any item claimed, an exception of no cause of action must be overruled. West v. Ray, 210 La. 25, 26 So.2d 221; Steagall v. Houston Fire & Casualty Insurance Co., La.App., 138 So.2d 433; Rogers v. T. L. James & Co., La.App., 128 So.2d 829; Granger v. Stine, La.App., 127 So.2d 228; Bergeron v. Greyhound Corporation, La.App., 100 So.2d 923; Johnson v. Graham, La.App., 35 So. 2d 278; Harrosh v. Fife Bros. Health Ass’n., La.App., 1 So.2d 323.
For the reasons assigned, that portion of the judgment which has been appealed *626 from is reversed, the exceptions of no right and no cause of action directed to the demands of appellant, Dr. Marvin Cavalli-no, are overruled and dismissed, and the matter is remanded to the trial court for further proceedings; all costs of this appeal to be paid by the defendant-appellee, John Cavallino; all future costs to await final disposition.
Reversed and remanded.