SARTAIN, Judge.
This is an appeal from a judgment of the district court sustaining the defendant’s and intervenors’ exceptions of unauthorized use of summary proceedings and no cause of action, resulting in the dismissal of plaintiff’s suit. We are of the opinion that the decision of the trial judge dismissing plaintiff’s suit is in error and the matter should be remanded.
Clem H. Sehrt, State Bank Commissioner for the State of Louisiana (Commissioner) issued approvals to five state chartered savings and loan associations to open branch offices in Jefferson Parish.
Gulf Federal Savings and Loan Association of Jefferson Parish (Gulf Federal) a federally chartered savings and loan association, instituted this suit attacking the validity of these branch office approvals on three basic grounds: (1) that L.R.S. 6:733 constituted an unconstitutional delegation of legislative authority to the Commissioner; (2) that no notice and hearing proceeded the granting of the permits as required by the Administrative Procedure Act (L.R.S. 49:951 et seq.; and, (3) alternatively, and in the event that L.R.S. 6:733 is found to be constitutional, that the Commissioner in granting the permits acted in an arbitrary and capricious manner constituting an abuse of discretionary power thereby subjecting his actions to judicial review and reversal.
Gulf Federal sought a restraining order which the trial judge declined to sign. However, a rule nisi was issued and the Commissioner was directed to show cause “why he should not forthwith suspend the operation of the approvals and permits issued to” the five associations.
Although the five associations were named in the petition and asked to be served, they were not made parties-defendants and no relief was directly sought against them. Each of the associations, however, intervened as did the League of Louisiana Savings & Loan Associations, *270 Inc. (League), a non-trading Louisiana corporation, representing some eighty state chartered savings and loan associations.
The Commissioner, the League, and several of the intervenors, filed a dilatory exception claiming that the plaintiff had invoked an unauthorized use of summary procedure and peremptory exceptions of no right and no cause of actions.
The exception of unauthorized use of summary procedure is based on the premise that Gulf Federal’s petition viewed in the light of the relief sought was a mandamus proceeding against the Commissioner.
The exception of no right of action is based on the argument that Gulf Federal is a federally chartered association and as such is not under the control, supervision, or jurisdiction of the Commissioner nor even subject to the statutory provisions it now seeks to have declared unconstitutional. Accordingly, it is submitted that the granting of the approvals by the Commissioner in no way affects, abridges, or infringes on Gulf Federal’s right to operate under its federal charter and therefore Gulf Federal is without any interest in the subject matter.
The exception of no cause of action pertains to the constitutionality vel non of L.R.S. 6:733 and asserts that Gulf Federal’s petition simply alleges that the statute is “patently unconstitutional” and an “unconstitutional delegation of legislative authority”, which are merely conclusions of the pleader.
The trial judge, for oral reasons which do not appear in the record, sustained the exceptions of unauthorized use of summary proceeding and no cause of action. The exception of no right of action was overruled and plaintiff’s rights were reserved to permit the filing of another suit to contest the actions of the Commissioner on the alleged grounds of abuse of discretionary power. The interventions of the five savings and loan associations were likewise dismissed.
We first direct our attention to the decision of the trial judge when he sustained the exception of unauthorized use of summary proceeding. Undoubtedly, the judge a quo accepted the argument advanced by defendant and intervenors to the effect that plaintiff was endeavoring to mandamus a public official in the performance of a clearly ministerial duty. This contention would undoubtedly be correct if plaintiff’s petition was exclusively one of mandamus because mandamus will only issue to compel a public official to perform a purely ministerial duty which a law or an ordinance in plain unmistakable terms requires him to perform as an act for or in connection with his official functions. State ex rel. Monk v. Police Jury of Vernon Parish, 3 So.2d 186 (1st La.App., 1941). The fact that Gulf Federal sought first a restraining order and then a rule nisi, lends credence to this argument. However, such a limited appreciation of plaintiff’s petition ignores plaintiff’s alternative demands, to-wit: that in the event L.R.S. 6:733 is declared constitutional the Commissioner then failed to consider other factors specifically enumerated in Articles XXXIV, et seq., which constituted an abuse of discretion. These allegations in the alternative establish the action as one by ordinary process. The rule to show cause was properly vacated but plaintiff should have been permitted to proceed with its suit unless the remaining exceptions were sustained.
We now turn to the peremptory exception of no cause of action which in our opinion pertains to the constitutionality vel non of L.R.S. 6:733 and the additional objection that Gulf Federal’s petition only alleges the statute to be “patently unconstitutional” as an “unconstitutional delegation of legislative authority” which are merely conclusions of the pleader. We must also reject this conclusion. The aforementioned articles of the petition set forth with particularity the various ways in which the Commissioner allegedly abused his discretion. For the purpose of this exception *271 these allegations must be accepted as true. In consideration of an exception of no cause of action, it is fundamental that the court consider every reasonable hypothesis of facts admissible under the pleadings. Poynter v. Fidelity & Casualty Company of New York, La.App., 140 So.2d 42; Steagall v. Houston Fire & Casualty Ins. Co. et al., La.App., 138 So.2d 433; Rogers v. T. L. James & Co., La.App., 128 So.2d 829; Granger v. Stine, La.App., 127 So.2d 228; Bergeron v. Greyhound Corporation, La. App., 100 So.2d 923. For these reasons plaintiff is entitled to be heard under the alternative allegations of its petition after which the trial judge shall then determine whether or not these allegations have been proved and if so whether or not such proof constitutes an abuse of discretion.
We do not deem it necessary at this time to rule on the constitutional question nor do we believe it propitious to do so. This case is one in which all issues can best be determined at a trial on the merits.
A final point that requires consideration by us is the appeal of the inter-venors, urging that the trial judge erred in dismissing their interventions. Plaintiff had these parties served with a copy of its petition and they were permitted to file interventions. Further, each of these inter-venors had already received approvals from the Commissioner and several had commenced operations thereunder. Their interventions should not have been dismissed because they are indispensable parties, who possess rights that are now sought to be materially affected. (C.C.P. Articles 641 and 927).
Accordingly, for the above and foregoing reasons the judgment of the district court vacating and setting aside the rule nisi previously issued is affirmed; however, the judgment appealed from sustaining the exceptions of unauthorized use of summary procedure and no cause of action and dismissing plaintiff’s suit is reversed and set aside, and this matter is remanded to the trial court for trial on the merits consistent with the views expressed herein. The cost of this appeal is assessed against the appel-lees and all other costs are to await a final determination on the merits.
Affirmed in part, reversed in part and remanded.