310 So.2d 651 (1975)
Willie STEVENSON
v.
Wayne L. DELAHAYE et al.
No. 10166.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
*652 Joseph B. Dupont, Sr., Plaquemine, for appellant.
Ben W. Lightfoot, Baton Rouge, for defendant-appellees Wayne and Daniel Delahaye.
Anthony J. Clesi, Jr., Baton Rouge, for defendant-appellees State Farm Mut. Auto. Ins. Co. and Tuminello.
Patrick W. Pendley, Plaquemine, for defendant-appellee Edith and Eddie Carbo.
Edward V. Fetzer, Baton Rouge, for defendant-appellee Robert Tuminello.
Daniel R. Atkinson, Baton Rouge, for defendants-appellees Gerace, Carbo.
Jim Tarver, Baton Rouge, in pro. per.
Before LANDRY, BLANCHE and YELVERTON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Willie Stevenson, appeals from an adverse judgment of the Nineteenth Judicial District Court denying his suit for damages from the defendant-appellees, Wayne L. Delahaye, Daniel C. Delahaye, and American Employers Insurance Company; Robert M. Tuminello, Jr., Robert M. Tuminello, Sr., and State Farm Mutual Automobile Insurance Company; and Edith C. Carbo, Gerace Auto Parts, and Sentry Insurance. We affirm.
The suit arose out of an automobile collision which occurred in the following manner. Wayne L. Delahaye was driving in a westerly direction on Laurel Road between Donaldsonville and White Castle, Louisiana. He stopped for a stop sign before entering Louisiana Highway 1, which runs generally north and south, allowed at least one car to pass on Highway 1 in a northerly direction, and then began to cross Highway 1, desiring to continue in a westerly direction on Laurel Road. As he reached the south bound lane he struck a pickup truck owned by Gerace Auto Parts and driven by Eddie Carbo causing it to spin into the north bound lane where it was struck by a vehicle owned by Robert M. Tuminello, Sr. and driven by Robert M. Tuminello, Jr. The Tuminello vehicle apparently came to rest in the north bound lane.
Within one or two minutes after the accident, a truck driver stopped to give assistance and set out flares, as darkness was approaching. Thereafter, several cars saw the flares and successfully negotiated the scene without incident. Willie Stevenson, the appellant, likewise passed the scene but stopped and came back to investigate and assist.
At approximately eight minutes after the initial accident, Jim Tarver approached the scene from the south on Highway 1. Tarver, being intoxicated and physically tired from lack of sleep, obviously did not see the flares until it was too late to avoid crashing into the rear of the Tuminello vehicle which was stalled in his lane of traffic. Tarver's speed was estimated at 50-60 miles per hour at the point of impact with the Tuminello vehicle. The impact pushed Tuminello's vehicle forward striking James M. Weaver, a passenger in the Tuminello vehicle, Robert M. Tuminello, Jr. and Willie Stevenson, appellant herein, all of whom were standing directly in front of the Tuminello vehicle. Stevenson sued Delahaye, Carbo and Tuminello for his resulting injuries.
We hereby affirm the trial judge's determination that Tuminello was free of negligence as he clearly could not avoid colliding with the Carbo pickup as it spun into his traffic lane after being struck by Delahaye. Carbo, Delahaye and Tarver were all found to be negligent by the trial judge, but he found the duties owed by Delahaye *653 and Carbo did not extend to Stevenson in the instant case, and he dismissed Stevenson's suit against them.
Stevenson was given judgment against Tarver in the amount of $5,253.70 plus all costs. That judgment is not at issue in the present appeal.
Stevenson appeals the dismissal of his claim against Delahaye, Carbo and Tuminello. We have previously affirmed the trial judge's decision that Tuminello was not negligent and now consider the liability of Delahaye and Carbo.
Appellant argues that the rescue doctrine applies in the instant case and that he, being a rescuer, should be able to collect for his injuries from the defendants as their negligence invited his rescue attempt, relying upon Gambino v. Lubel, 190 So.2d 152 (La.App. 4th Cir., 1966) Writ Refused, 249 La. 834, 837, and 843, 191 So.2d 639, 640 and 642 (1966); Lynch v. Fisher, 34 So.2d 513 (La.App.2d Cir., 1948); and Grigsby v. Coastal Marine Service of Texas, Inc., 235 F.Supp. 97 (West.Dist. of La., 1964). However, a careful analysis of these and other pertinent cases leads to the inescapable conclusion that the appellant does not fall within the term "rescuer" as it is defined by the Louisiana Jurisprudence.
In Lynch the plaintiff therein witnessed a collision between a truck and a car, the drivers of which were both made defendants. He ran to the scene, opened the door of the badly damaged car, and with the aid of another party, extricated the driver and his wife from the automobile which had meanwhile caught fire. Then, in an effort to further assist the fatally injured wife, plaintiff attempted to pull a floor mat out of the car to be used as a cushion for her head as she lay on the roadside. In the performance of this act, plaintiff found a pistol on the floor of the car and handed the same to the driver, who, being delirious and mentally deranged by reason of the shock of the accident, fired the pistol at the plaintiff striking him in the foot. For his efforts, the plaintiff was deemed to be a "rescuer" by the court.
In Gambino, a plaintiff-policeman was attempting to aid the driver of a vehicle who was slumped over in his automobile unconscious. It became obvious that the driver was not intoxicated and as the officer was attempting to aid him to determine the exact nature of the problem, the driver inadvertently touched the accelerator of the automobile causing an accident whereby the police officer was injured. The court considered the police officer to be a "rescuer."
In Grigsby, the plaintiff was deemed to be a "rescuer" because of his attempt to aid a fellow worker in the hole of a barge which was filled with an unknown noxious gas.
Our own research produced the case of Callais v. Furniture Showrooms, Inc., 213 So.2d 537 (La.App. 1st Cir., 1968), wherein the plaintiff, a registered nurse, was deemed to be a "rescuer" when she instinctively lunged forward, taking hold of a friend who was seven months pregnant, thereby preventing her from falling to the floor. In Coulton v. Caruso, 195 So. 804, (La.App.Orleans, 1940), the plaintiff was deemed to be a "rescuer" when he injured himself as he was hurrying to prevent a little girl from falling through a rotten porch where she was playing and was obviously in great danger. In Hebert v. Perkins, 260 So.2d 15 (La.App. 4th Cir., 1972), plaintiff was deemed to be a "rescuer" when he rapidly drove a heart attack victim down Loyola Avenue in New Orleans blowing his horn and displaying a white handkerchief held in his left hand while attempting to deliver the heart attack victim to Charity Hospital.
The appellant's actions in the instant case, even when viewed most favorably to him, did not conform to the actions of the rescuers in the above cited cases. These cases have one common thread in that the rescuer was making some effort or taking some action to protect the personal *654 safety of another who was or who appeared to be in imminent peril. We note that the appellant was not the first person to arrive at the scene and before his arrival warning flares had already been set up to the north and south of the scene by the truck driver. James Weaver, one of the parties appellant claims to have rescued, testified that appellant was only talking to and consoling him and Robert Tuminello while they were standing in front of the Tuminello vehicle just prior to Tarver's collision with Tuminello's vehicle. This is in sharp contrast to Appellant's contention that he was aiding Weaver and Tuminello because they were hollering for help and was in the process of lifting Tuminello from the ground where he lay at the moment appellant was injured. Mr. and Mrs. Carbo could not recall Stevens helping anyone at the scene, nor could Delahaye. Throughout the testimony at the trial there is, excepting the plaintiff's own testimony, but scant reference to the appellant by the injured parties or witnesses. By appellant's own admission he arrived some five minutes after the accident and there was already a crowd of people gathered at the scene.
In the instant case no unconscious victim was rescued as in Gambino, nor was anyone rescued from obvious peril as in the Lynch and Coulton cases. There was no element of danger or emergency as was present in Grigsby, nor the rush to the hospital as in Hebert. Neither was there any instinctive, spontaneous reaction as performed by the rescuer in Callais.
In view of the above cited jurisprudence, the inescapable conclusion to be drawn from the facts here presented is that the appellant was not in fact engaged in an actual rescue attempt and he is therefore precluded from relying upon the rescue doctrine to recover from the defendants Delahaye and Carbo.
Plaintiff's final argument is that the negligence of Delahaye and Carbo combined with that of Tarver to produce his injuries. He further argues that even though Tarver's negligence may have intervened that of Delahaye and Carbo, that such negligence in no way relieves them from their own negligence in setting in motion the risk which ultimately produced the injury. Thus it is argued, that as Carbo was found to be guilty of negligence by driving without headlights and Delahaye was found to be guilty of negligence in failing to yield to another vehicle having the right of way,[1] the reasonably foreseeable risk created by their negligence is that their vehicles, as a result of the collision, may create an obstruction in the highway and thus cause another collision. In this connection he relies upon the case of Steagall v. Houston Fire and Casualty Insurance Company, 138 So.2d 433 (La.App. 3rd Cir. 1962), which case applied the legal principles set forth in Dixie Drive-It-Yourself, New Orleans Company, Inc. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The very same legal principles upon which appellant relies were utilized by the trial judge to deny appellant's recovery from Delahaye and Carbo. In his reasons for judgment, the trial judge stated that the duties owed by Delahaye and Carbo:
"did not guard against the event of a bystander or even a casual rescuer being struck some ten minutes after the first collision by a driver who was admittedly fatigued and had been drinking, who ignored both stationary and waving flares and who negligently hit the accellerator instead of the brakes when he belatedly became aware of the danger."
We agree there was no breach of any legal duty (obstruction of the highway by virtue of their negligence) with respect *655 to appellant, after warning devices (flares, both stationary and warning by hand) had been employed to warn approaching vehicles of the obstruction in the highway. Since we find no breach of the duty owed by Delahaye and Carbo to the plaintiff, we conclude that they are not liable for the injuries which occurred when Tarver ignored adequate warning devices. The evidence shows that others had observed the warning devices and Tarver's failure due to his fatigue and/or drinking to observe the same, requires this court to find him solely responsible for the plaintiff's injuries.
For the foregoing reasons, the decision of the trial court dismissing appellant's claim for damages against Wayne L. Delahaye, Daniel C. Delahaye, and Commercial Union Assurance Companies; Edith C. Carbo, Gerace Auto Parts, and Sentry Insurance Company is hereby affirmed at appellant's cost.
Affirmed.
NOTES
[1] We have noted the inconsistency of the holding by the trial court that the Delahaye vehicle was guilty of failing to yield the right of way to the Carbo vehicle who he found approaching without headlights and make no determination as to their negligence because under the circumstances surrounding the accident here complained of whatever negligence they may have been guilty of was not a cause in fact of the accident.