348 So.2d 167 (1977)
Frank A. DODGE
v.
Jules PIERRE et al.
No. 6019.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1977.
Rehearing Denied August 1, 1977.
Writ Refused October 13, 1977.
*168 Pugh, Boudreaux & Gachassin, by Nicholls Pugh, Jr., Lafayette, for plaintiff-appellant.
Davidson, Meaux, Sonnier & Roy, by L. Lane Roy, Lafayette, McBride & Brewster, by Robert McBride, Lafayette, for defendant-appellee.
Before CULPEPPER, WATSON and STOKER, JJ.
WATSON, Judge.
In the late afternoon of April 6, 1973, Larry Miller and his fiancee were driving east on Highway 98, the Cankton-Carencro Highway, enroute to the movies, when their 1969 Chevrolet ran out of gas. The car belonged to Larry's father. Larry coasted past a driveway and started to turn in but changed his mind. He allowed his vehicle to roll to a stop on the westbound side of the road (the "wrong" side) with the wheels partly on the shoulder and partly on the asphalt surface of the highway. Since it was still daylight, Larry and his fiancee walked to the home of Alfred Comeaux, approximately half a mile away. Mr. Comeaux had some gasoline and he and Larry walked back to the Chevrolet, leaving Larry's fiancee at the Comeaux residence. While the pair were in the process of trying to start the car, Frank Dodge, plaintiff, came upon the scene in his 1966 Dodge automobile. The time was about 8:30 p. m. Dodge was headed east, but he pulled onto the westbound side of the road and parked immediately behind the Miller vehicle, leaving his lights on. Dodge took a railroad fusee from his vehicle and placed it a short distance in front of the Miller car near the center of the highway. Dodge then undertook to hold his flashlight so Comeaux could see to pour gasoline in the carburetor of the Chevrolet. Meanwhile, Miller had gotten into the driver's seat to attempt to start the engine. Comeaux was standing on the ditch side of the Chevrolet and Dodge on the other side; the hood was up. Dodge was thus standing in the travelled portion of the westbound lane of the highway.
At this juncture, Jules Pierre, driving an older model Cadillac, drove upon the scene, headed west. He ran into the front of the Miller Chevrolet and struck Dodge, severely injuring him. Dodge was unconscious or irrational for about three weeks and remained in the hospital for forty days, being treated for two broken legs, one of which was badly crushed, and other injuries.
Dodge sued Jules Pierre, who was uninsured; Larry Miller and his liability insurer, Allstate Insurance Company; and State Farm Mutual Automobile Insurance Company, which had uninsured motorist coverage on vehicles owned by plaintiff.
Plaintiff asserted negligence on the part of Jules Pierre and Larry Miller and claimed benefits under his own uninsured motorist coverage because of Pierre being uninsured. Defendants answered, denying liability and pleading contributory negligence of Frank Dodge as a bar to his recovery.
The case was tried to a jury which found Jules Pierre, Larry Miller and Frank Dodge all negligent and found Dodge's negligence to be a "proximate cause" of the accident. No recovery was allowed to plaintiff Dodge. (TR. 336)
From the adverse judgment, Frank Dodge has appealed, contending that he was not contributorily negligent and should not be barred from recovery. The issue to be resolved on appeal is whether there was manifest error in the jury's conclusion that Dodge was negligent and is barred from recovery.
The facts are undisputed. The parties differ about what conclusions should be drawn from the fact that Dodge was standing on the travelled portion of the highway holding a flashlight when the Pierre car struck the Miller vehicle. The driver of the oncoming vehicle should have seen the fusee in the road, but, if Dodge had been standing on the ditch side of the Chevrolet or if he had observed the approach of the Pierre Cadillac and moved to a position of safety, his injuries would not have occurred.
The jury heard the witnesses and found Dodge negligent. The initial task of *169 weighing the evidence belongs to the triers of fact, here the jury, and their conclusions are not to be disturbed unless manifestly erroneous. Wiley v. Travelers Insurance Company, 300 So.2d 555 (La.App. 3 Cir. 1974) writ refused 303 So.2d 187 (La.). The test is whether there is a reasonable evidentiary basis for the jury's finding of negligence or in the present case, contributory negligence. Reed v. Henry, 343 So.2d 457 (La.App. 3 Cir. 1977). On review, we find no manifest error.
Counsel for plaintiff contends that Dodge was acting as a Good Samaritan and is entitled to the special consideration given by the law to those who undertake rescue activities. The doctrine that a rescuer occupies a special status in the law is well recognized in Louisiana. Gambino v. Lubel, 190 So.2d 152 (La.App. 4 Cir. 1966). However, it is not every person who is involved in a situation at the scene of an accident who enjoys rescuer status. In a scholarly review of cases involving the Good Samaritan doctrine, Judge Blanche of the First Circuit notes that these cases involve such elements as an unconscious victim, rescue of a person from an obvious peril, an element of danger or emergency such as a fellow worker exposed to an unknown noxious gas, or a rush to the hospital. See Stevenson v. Delahaye, 310 So.2d 651 at 653-654 (La. App. 1 Cir. 1975).
In the present case, it is questionable whether Dodge occupied a special status as a rescuer because he does not seem to fall into any of the categories noted above. Nor does his situation involve him with elements of emergency, immediacy, or danger akin to an urgent rescue. He was simply standing by the side of a stalled car holding a flashlight and could have very easily observed traffic approaching from either direction.
Counsel for plaintiff does not make any complaint concerning the failure to give special charges to the jury concerning the rescue doctrine. It does not appeal that such charges were requested, although it would have been proper for plaintiff to have requested and the trial court to have charged the jury concerning the law of rescue or that pertaining to a Good Samaritan. The jury could have been instructed that plaintiff might qualify as a rescuer and the legal results of such a status.
It is now too late to urge some special doctrine of law not requested or submitted to the jury and ask that the jury's conclusions be held manifestly erroneous as a result of that special doctrine.
For the above reasons, the judgment of the trial court is affirmed and costs are taxed to appellant.
AFFIRMED.