LEAR, Judge.
Philip W. Dunn appeals from an adverse judgment which dismissed his claim for damages for personal injuries sustained when he fell from atop a two-story building. The trial court held that the plaintiff, Dunn, acted unreasonably and denied relief. We affirm.
Philip W. Dunn, appellant, and Jack Flowers were employed by James Ward doing business as Ward Refrigeration Company to install air conditioning units. Flowers was a foreman and Dunn worked directly under his supervision. On February 16, 1976, Ward undertook the installation of two large units at Capitol Business Machines, Inc. in Baton Rouge, Louisiana. In this connection, Capital Crane Rentals, Inc. provided an operator, Guillory, and a crane to lift these units onto the building.
During the course of lifting these units, Flowers positioned himself on top of one of them and “rode” the unit to the roof. There was testimony to the effect that Flowers and Guillory utilized this procedure quite regularly on other jobs and that Dunn was not only familiar with that fact, but also had witnessed the same.
As Guillory was lifting the second unit with Flowers on it, Dunn, who was standing on top of the roof, thought that Flowers was in danger. He immediately ran to *120 wards the edge of the building to give warning to Guillory, the crane operator. In his haste, he rushed over the edge and fell to the ground, severely injuring himself.
The issue presented is whether the trial court committed manifest error when it held that plaintiff-appellant had acted unreasonably.
The evidence shows that although appellant thought Flowers to be in danger while being hoisted by Guillory, neither Flowers nor Guillory perceived any such danger. Further, Dunn’s testimony admits of no verbal contact nor attempt at verbal contact with Flowers. That he mistakenly interpreted Flowers’ behavior as a sign of danger.is clear from his (Dunn’s) testimony:
“Q Go ahead and tell us exactly what it was that precipitated your going off the building, and then we’ll work backwards.
“A Well, in the procedures of me being on the second story, I was watching Mr. Flowers and Mr. Ward hooking up the unit, and I turned about to walk to my-to the first level-and while I was doing this, and my back was turned and all, I heard the boom coming up with the machinery; and then, right prior to me getting to the ladder to go to the first story, I glanced to the right, looked up at about a 45 degree angle, saw Mr. Flowers on top of the headache ball, and he looked, he was like so (demonstrating), and he looked up also and during this the ball was going up; and he looked at me, kinda with a look on his face What’s gonna happen? Is this man gonna run me up? and, you know, all this flashed in my mind, and he looked back down at me and he kinda did his shoulders like this, like well, This is it or like Somebody do something. So, in seeing this, I automatically, first thing that pops into my mind, was to get the operator and to flag him to stop the lift, and in so doing, and it’s such a short distance between myself and the edge of the building, maybe ten feet or fifteen feet at the most, I was watching Jack instead of where I was going and in doing so, I ran off the building.”
There is just no other testimony of record to support appellant’s claim of impending danger to Flowers. Flowers’ testimony is not only not supportive of appellant, it is plainly contrary. In Callais v. Furniture Showrooms, Inc., 213 So.2d 537 (La.App. 1st Cir. 1968), plaintiff sustained injuries when she accompanied her friend to defendant’s showroom. Negligently placed were several rugs which caused plaintiff’s companion to stumble. Plaintiff reacted by lunging forward and preventing her companion from falling. However, in so doing she fell and sustained injuries. She was permitted to recover under the “rescue” or “good Samaritan” doctrine. The court held:
“ . . . one who acts upon sudden impulse as a ‘rescuer’ ... in coming to the aid of another in danger, peril or distress, is not guilty of contributory negligence in exposing himself to a known or obvious danger, if under similar circumstances an ordinarily prudent person might have done likewise, or if the attempted rescue was not such as to make the effort rash and reckless in the judgment of an ordinarily prudent person. Coulton v. Caruso, La.App., 195 So. 804.” [At Page 540.]
The facts of this case as found from the record fail to establish any actionable negligence or fault on the part of Flowers or Guillory. Plaintiff has not established his burden of proving that a danger existed, thereby activating the emergency risk doctrine. The trial court found that no reasonable grounds existed to believe Flowers was in danger. It held that the appellant simply overreacted. We will not disturb the findings of the lower court unless manifestly erroneous. Canter v. Koehring, 283 So.2d 716 (La.1973). Appellant has failed to carry his heavy burden.
It should further be noted that in the instant case, the danger, if it existed, was not created by a third person as in Callais v. Furniture Showrooms, Inc., supra. Neither *121 was the person to be rescued in a position of immediate danger as in Calíais.
For the foregoing reasons, the decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.